PROVOSTY, J.
The plaintiff is a citizen and taxpayer of the Bayou Terre-aux-Boeufs drainage district, and in that capacity brings this suit to enjoin the board of commission- . ers of that district from levying on the property of the district a five-mill tax and a ten-cent acreage local assessment, and from issuing $100,000 of bonds to be predicated on the levy of said tax and local assessment. The petition sets forth various grounds.
One is that a large part of the property included in the district is not susceptible of drainage: it being composed of bays, lakes, inlets, sounds, and waterways-, used as oyster beds, and of islands, and that, in so fixing the limits of the district as to include said property and subject it to taxation for drainage purposes, the police jury has abused the discretion vested in it by law for the organization of drainage districts, and that the subjecting of said property to said taxation would be pro tanto an unconstitutional taking of it.
Whatever may be the merits of this ground, plaintiff has no standing to urge it: he not having alleged that his property is of that class which would not be benefited by the work of the district.
In the brief, but not in the petition, plaintiff assails the organization of the district on the ground that the ordinance creating the district makes a body corporate, not of the board of commissioners of the district, as should have been, but of the district. No mention is made of this ground in the pe *994 tition. The nearest to mentioning it that this petition comes is by the following allegation and prayer, which are entirely too vague to serve any purpose: Allegation:
“Your petitioner with respect submits that all of these said alleged acts constituting and creating the Bayou Terre-aux-Bceufs drainage district are null and void and of no effect.”
Prayer: That there be judgment in favor of petitioner denying:
“First, the organization of said board of commissioners of the Bayou Terre-aux-Bceufs drainage district to have been improperly organized and constituted.”
One of the grounds upon which plaintiff assails the levy of the tax and the issue of the bonds appears to us to be fatal and dispenses us from any examination of the others. It is that the election for consulting the taxpayers in regard to said .tax and issuance of bonds was held under the auspices of the board of commissioners of the district, instead of under the auspices of the police jury. The question whether such an election should be held by the police jury or by the board of commissioners of the district was carefully considered by this court in the case of Mayor, etc., of Town of New Iberia v. Drainage District, 106 La. 651, 31 South. 305. It was there decided that the power to hold such an election is vested exclusively in- the police jury.
The police jury have been the only body vested with authority to hold an election, and, not having held any, the situation is that no election has been held. The board of commissioners not having been vested with any authority to hold an election, the so-called election held by it was a mere empty form.
No election having been held, the prescription of six months established by section 17 of Act No. 5, p. 12, of 1899, against any action to contest'the regularity of an election, is inapplicable.
It may be well to add that the contention of plaintiff that the board of commissioners of the district was -without power to repeal an ordinance theretofore adopted by itself, and adopt another in its place, is without merit.
The judgment appealed from is therefore set aside, and it is now ordered, adjudged, and decreed that the so-called election held under and by virtue of the ordinance adopted on March 2, 1907, by the board of commissioners of the Bayou Terre-aux-Bceufs draipage district, is hereby decreed to have been a nullity and of no effect; and it is further ordered, adjudged, and decreed that the said board of commissioners be perpetually enjoined from levying the tax and the local contribution, and from issuing the bonds purporting to have been authorized at said election.
Defendant to pay costs.