(48 South. 767.)

No. 17,292.

DIMMICK et al. v. OPELOUSAS, G. & N. E. RY. CO. et al.

(March 1, 1909.)

ACTION TO ANNUL TAX VOTED FOR RAILROAD —AS ELECTION CONTEST—LIMITATIONS—PRESCRIPTION.

A suit to annul a tax levied in favor of a railroad, pursuant to an election held by the police jury for such purpose, which required the court to inquire into the election, and to ascertain whether or not the tax received the vote of the majority of the qualified voters, thereby involving an inquiry into the question who were the qualified voters, and how many votes were cast for the tax, was a suit contesting an election, even though the proclamation made by the police jury of the result of the election itself showed that the majority which the tax received was only of those voting at the election, and not of the total number of those qualified to vote, and, not being brought within three months after the proclamation, as required by Acts 1892, p. 140, No. 106, was barred.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. § 196.*]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Suit by Frank Dimmick and others against the Opelousas, Gulf & Northeastern Railway Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Garland & Harry, for appellants. Lewis & Lewis, for appellee railway company. Edward Benjamin Du Buisson, for appellee police jury.

PROVOSTY, J. Under article 270 of the Constitution the police jury of St. Landry parish held an election in the First ward of said parish, in which ward the town of Opelousas is situated, to vote a tax of five mills for ten years in favor of the defendant railroad company. The police jury canvassed the returns, declared the tax carried, made proclamation of said result, and levied the tax. The road was constructed, and for three years the tax was paid without demur. Plaintiffs allege that the said tax did not receive the majority required by said article 270 of the Constitution, and that they have but recently made this discovery; that there were in said ward 480 persons qualified to vote at said election, and said tax received only 181 votes; that consequently the said tax has been levied without authority, and should be annulled. Plaintiffs do not explain whether what they recently discovered was that the vote in favor of the tax had been less than a majority of the qualified voters of the ward, or was that the

majority required by article 270 of the Constitution is of the voters in the ward, and not merely of those voting at the election. They further allege that the proclamation made by the police jury of the returns of the election and the ordinance levying the tax show that the said tax received only a majority of those voting at the election, not a majority of those qualified to vote at the election.

The case was tried on exceptions of no cause of action, prescription, and estoppel. The contentions upon these exceptions are that by its own terms act No. 106, p. 140, of 1892, which is the only law conferring upon courts jurisdiction to entertain suits for contesting elections, is limited in application to elections held under article 242 of the Constitution of 1879, and has no application to elections held under article 270 of our present Constitution, and that consequently the court is without jurisdiction to entertain this suit; but that, if said act 106 of 1892 has application, it limits to three months from the date of the proclamation of the result of the election the time within which to contest the election and that this suit was filed three years after said date, hence entirely too late; that plaintiffs are estopped, they having waited until the railroad had been constructed before filing their suit; and, finally, that the majority required by article 270 of the Constitution is not of those qualified to vote at the election, but only of those actually voting.

Plaintiffs do not deny that this suit has been brought too late, if it contests the election; but they say that it does not contest the election, but merely challenges the authority by which the tax has been levied— merely asserts that authority to levy the tax can only be derived from the favorable vote of a majority of those qualified to vote at the election, and that such favorable vote has never been received.

As we are clear that this suit does contest the election, we deem it unnecessary to examine the other questions raised by defendants. The functionary vested with authority to pronounce upon the result of the election —to decide whether the tax carried or not —has done so; and by this suit plaintiffs are asking the court to review and reverse that decision. For doing so, the court would have to inquire into the election—would have to ascertain whether the tax did or not receive the vote of a majority of the qualified voters of the ward. This would involve an inquiry into who are the qualified voters of the ward, and how many votes were cast for the tax. A suit involving these inquiries is clearly a suit contesting an election.

The learned counsel of plaintiff liken this case to that of Esteves v. Board of Commissioners, 121 La. 991, 46 South. 992, where a suit to annul a tax, on the ground that the election at which it had been voted was void, was entertained after the three months fixed by said act 106 of 1892. But in that case the election had been held under the auspices of a body unauthorized to hold it; and, as a consequence, the situation was that no election had been held—precisely as if the sheriff, or the parish priest, or some local bank, had undertaken to hold an election. There was nothing more than the empty form of an election—a mere simulacrum. The tax was not based on an election, because no election had been held. Differently from this, there was an election held in the instant case; and the contention is, not that no election was held, or that the authority which held it and found and proclaimed the result did not have authority to do so, but that a sufficient number of votes was not cast in favor of the tax, and that for that reason the result as found and proclaimed was not the true result.

If, as plaintiffs allege, the proclamation itself made by the police jury of the result of

the election will show that the majority which said tax received was only of those voting at the election, and not of the total number of those qualified to vote at the election, this would not change the case. The suit would still involve the issue whether a majority of those qualified to vote had or had not voted for the tax, and would still be the contest of an election on the ground of the insufficiency of the number of votes cast.

Judgment affirmed.