BREAUX, C. J.
Public drainage of lands in one of the drainage districts of the parish of Point Coupée has given rise to the issues in this suit.
The extent of the authority of the board of commissioners of the district gave rise to the only point at issue.
The lawmaking power has since a number of years sought to promote and foster the water drains throughout the state. It has to that end enacted lengthy statutes, and has amended these statutes and made other changes in the laws.
In 1902, Act No. 145, p. 248, Laws 1902, is a general statute, which may be identified as the “Land Drainage Act” of the state.
That act has in this case received careful consideration.
Erom it we deduce that it was the intention to let it be the drainage act and to repeal all. provisions of prior acts upon the same subject. Its repealing clause is sweeping. It repeals all inconsistent laws and all laws on the same subject-matter passed by act of January 1, 1902.
See section 28 of the act.
It supersedes all legislation of date anterior upon the subject.
The law authorizing the forming of drainage districts finds sanction in article 2S1 of the Constitution, which provides that, “municipal corporations, parishes and drainage districts,” under conditions stated, may submit to a vote of the property taxpayers the proposition whether there shall be levied and assessed an annual contribution or acreage tax within the district.
In the case here, under the direction of the board of commissioners, an election was held on the 2Gth day of August, 1907, which resulted favorably to the tax.
The contention of plaintiff in injunction is that the board of commissioners had no power ; that all the power relating to election and to the issuing of bonds rests with the police jury.
We are of opinion that the proposition is entirely without good ground upon which to rest.
The drainage board is vested with functions needful to carry out the drainage plans in the respective districts.
The statute provides that “municipal corporations; parishes and drainage districts” may submit through their respective governing bodies to the vote of the property taxpayers the question of the debt to be incurred and the bonds to be issued.
The drainage district is a distinct corporation, and its governing body is vested with needful functions for the operation of the corporate body.
These bodies are not placed under the control and direction of the police jury.
These districts are not limited to the parish lines. They may be formed so as to extend into and include parts of one or more parishes within their limits. When, as is sometimes the case, the districts comprise part of another parish within its limits, the police jury of the main body of the district has no authority to order an election in a district thus formed. No provision is made by the statute to enable two or more police juries to act when the district is formed from parts of different parishes.
We do not conceive that it would be possible to hold such an election in a district thus formed, much less to issue bonds and provide funds to pay for the expense of opening and maintaining drains. Evidently the lawmaking power did not intend to create a divided authority; one the police jury of one parish, and the other the police jury of another parish. No one contends that that is possible.
The argument of plaintiff is that the police *593 juries are vested with authority in those districts entirely within the limits of the parish.
The other districts (i. e., those districts extending beyond the parish lines), if that interpretation were adopted, would be left to take care of themselves, and without a governing body, although the statute provides that districts may be formed as before stated.
This, to our mind, conclusively demonstrates that the Legislature did not intend to vest police juries with the authority of holding elections.
Section 19 of the drainage act provides that the municipal corporation, parish, or drainage district issuing bonds shall provide for the payment of the interest and of the principal.
The drainage district, under our construction, has it in charge to hold the election and to pay the expenses of the election.
Under any other construction, the police jury would have to call the election and pay the expenses, although the taxpayers in other parts of the parish would be absolutely without interest and not in the least benefited.
We think that the language of the Constitution (article cited supra) and the section of the act of 1902 show that the governing body of the district is the board of commissioners.
The parishes, as we read the statute, hold elections in parochial matters, the municipalities in municipal matters, and the district, which is neither parochial nor municipal, holds an election in the district to the extent that the district is interested.
This view is in conformity, we take it, with the acts upon the special subject relating to drainage which have been enacted since the act of 1902, in which reference is made to the governing body of the district, and not to the police jury nor to be the municipality when the district alone is concerned.
There is no necessity for multiplying reasons. It is sometimes best not to embarrass or entangle a plain question by lengthy discussion.
We have stated: the board of commissioners have the authority to act and represent the district in so far as relates to the subject-matter at issue.
The subject has been seriously considered by us. The question is public; the great advantage of drainage demands that the question be settled beyond all controversy, and this we have sought to do.
The question is settled at least until further legislation may deem proper to make a change. The conclusion arrived at becomes a part of the law to the extent that interpretation can become part of the law. Board of Commissioners for the Bayou Terre-aux-Bœuf Drainage District v. E. R. Baker (No. 17,358) 48 South. 654, ante, p. 75, and Esteves v. Board, 121 La. 991, 46 South. 992, are overruled, but the principle anounced in each case is the rule in each ease, and no further.
For reasons assigned, the judgment apt pealed.from is affirmed.
MONROE, J., concurs in the decree.