(55 South. 478.)

No. 18,832.

BONE et al. v. SIXTH WARD AND CROWLEY DRAINAGE DIST. et al.

(May 22, 1911.)

*(Syllabus by the Court.)*

1. DRAINS (§ 18*) — ISSUE OF BONDS — ELECTION—VALIDITY.

Act No. 256 of 1910, which superseded Act No. 145 of 1902, did not create a hiatus; and an election called under Act No. 145 of 1902, and the preliminary steps carried out under that act until the date when Act No. 256 of 1910 became effective, when the further steps for the election were taken under the latter act, is a valid election.

[Ed. Note.—For other cases, see Drains, Cent. Dig. § 13; Dec. Dig. § 18.*]

2. CONSTITUTIONAL LAW (§ 70*) — DRAINS (§ 18*)—BOND ELECTION—CONTEST.

Under Act No. 256 of 1910, the time for contesting the election was 60 days from the promulgation of the result, and the question of the reasonableness of this limitation is a matter within the discretion of the Legislature, and not the judgment of the court.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 131; Dec. Dig. § 70;* Drains, Dec. Dig. § 18.*]

3. DRAINS (§ 18*)—BOND ELECTION—BALLOTS —VALIDITY.

In substance, there is no difference between the ballot provided by Act No. 145 of 1902, and Act No. 256 of 1910, and, as Act No. 256 of 1910 has a curative section, it embraces the difference in ballots, and validates the election.

[Ed. Note.—For other cases, see Drains, Cent. Dig. § 13; Dec. Dig. § 18.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by Hugh M. Bone and others against the Sixth Ward and Crowley Drainage District and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. G. Medlenka, for appellants. Chappuis & Holt, for appellees.

BREAUX, C. J. Plaintiffs (landowners and property taxpayers in the Sixth Ward and Crowley Drainage District) brought this suit against the drainage district, against its proper officers, and against the drainage commission of the district to compel them to issue bonds, described in their petition, advertise bids, and take necessary steps to dispose of them.

These bonds were issued upon the election of the taxpayers.

The Crowley Drainage District organized under Act No. 159 of 1902.

A special election was held in that district on August 30, 1910, to determine whether or not a debt of $75,000 ought to be created and an issue of bonds thereon made to the amount of $75,000 to be paid from a tax of 2½ mills on the dollar, imposed under the terms of the election.

It was carried in favor of the debt and in favor of the bonding.

Due proclamation was made of the result of the election.

The election seems to have been legally conducted and the proceedings legal, but defendant questions plaintiffs' right on grounds hereafter stated.

The General Assembly of Louisiana, at its regular session in the year 1910, enacted Act No. 256, which became effective on August 15, 1910, after required promulgation.

This act repeals and supersedes Act No. 145 of 1902, except to the extent stated in section 33 of the last act. Act of 1910, No. 256.

Defendant's complaint is that this act has no saving clause.

Further, that the drainage commission held the election under Act No. 145 of 1902.

There were two acts upon the same subject-matter adopted by the Legislature of 1910—the one before referred to, and Act No. 317 of the same session.

Act No. 256 of 1910 had become effective on August 15, 1910, at the date of the election.

[1] The defendant urged that the election held on August 30, 1910, must be tested by the provision of Act No. 256 of 1910, while plaintiffs' contention is that, the constituted authorities having ordered the election under Act No. 145 of 1902, the validity of the election must be tested under Act No. 145 of 1902.

In other words, plaintiff invokes Act No. 145 of 1902 as governing. The defendant invokes Act No. 256 of 1910.

As far as it was possible, both acts were complied with. The first was followed to the date that the last act became effective, and it was sought, as far as possible, to comply with the second act after it became effective.

There is no question but that the proceedings were all regular under the act of 1902.

The question which presents itself now is whether the act adopted caused a hiatus in the proceedings and put an end to all that had been done.

We do not think it did.

We have stated before that, as far as possible, both acts were complied with.

Section 15 of the act of 1910 directs that copies of the procès verbal of the election be forwarded to the Secretary of State and to the clerk of the district court, and that another copy be retained by the authority ordering the election.

This was complied with to the letter.

Section 14 of Act 1902 directs that a copy of the procès verbal be forwarded only to the Secretary of the State.

This, we have seen, was complied with.

That puts an end to all question on the score just mentioned. None can arise affording ground for dispute.

Now as relates to the plea of prescription, interposed by defendants.

[2] Under section 16 of the act of 1902 the limitation for contesting the election was six months, while, under the act of 1910, the limitation is sixty days.

Six months had intervened between the date of the promulgation of the election on September 3, 1910, and the filing of the suit on March 8, 1911.

It follows that the irregularities were cured by the prescription pleaded.

Defendants are barred from assailing the validity, regularity, and formality of the election on any of the grounds provided by law.

The following is from Guillory v. Avoyelles Railway Co., 104 La. 11, 28 South. 899.

"When a statute creates a right of action and stipulates delay within which the right is to be executed, the delay thus fixed is not properly speaking one of prescription, but one of pre-emption. Statutes of prescription simply debar the remedy. Statutes of pre-emption destroy the cause itself."

That is to say, after the limit expires, the cause of action no longer exists. It is lost.

See upon the same subject, Gray v. Bourgebois, 107 La. 671, 32 South 42; James v. Arkansas Southern Railway Co., 110 La. 145, 34 South. 337; Dimmick v. O., G. & N. E. Railway, 123 La. 123, 48 South. 767.

There is no question but that after six months have elapsed between promulgation of the result of the election and the filing of the suit the grounds urged are not sufficient to set aside an election.

Board of Commissioners v. Wilkins Co., 125 La. 136, 51 South. 91.

The defendant urged that prescription of 60 days under the act before mentioned, adopted in 1910, provided an extremely short term within which the taxpayers are given the right to contest an election; that it was an unreasonably short time.

That is entirely a legislative question.

The Legislature had a right to fix the time and other conditions upon which the election could be held and considered cured as to irregularities and illegalities.

We do not consider that the question has any merit.

[3] Another ground urged by defendants, and which they seem to think is one of those absolute and complete nullities which prescription does not cure, is that Act 145 of 1902 requires this form of a ballot:

| FOR the proposition submitted to the vote of the property tax payers of the Sixth Ward and Crowley Drainage District, by resolution adopted on the 16th day of July, A. D. 1910. | |
| --- | --- |
| AGAINST the proposition submitted to the vote of the property tax payers of the Sixth Ward and Crowley Drainage District, by resolution adopted on the 16th day of July, A. D. 1910. | |

The saving clause section of Act No. 256 of 1910, which reads substantially that "this act shall not be held to invalidate tax election proceedings, conducted under other acts," ought to be considered sufficiently a saving clause to protect the result of this election. Section 33.

If this section has curative effect (in our opinion it has), then it embraces the difference in form of the ballots submitted to the voters.

The resolutions and proceedings were all regular to the date of the law of 1910. Under the terms of this law, this regularity extends over and overlaps the alleged want of form of the ballots.

There is, as relates to substance, no difference between the ballots. Under the old law, two propositions were submitted, as expressed on the ballot. Under the new, the two propositions are separated. That is the only difference.

Under the first, the tax and bond issue were treated as one. Under the last, they are considered as two, but both are similar as relates to purpose.

The above contains the object (tax and bond) merged in one as printed in the ballot.

The following contains the object (tax and bond) printed separately, in two propositions:

| Proposition to levy a 2½ mill tax on all the property subject to state taxation in the Sixth Ward and Crowley Drainage District for the period of thirty-one years, for the purpose of paying the principal and interest on $75,000 worth of 31 years negotiable 5 per cent. interest bonds, and for the maintenance of the system of drainage to be created and its improvements. | YES | |
| --- | --- | --- |
| | NO | |

The instructions to the voters were, if the voter desired to vote "for," place a crossmark in the square after the word "Yes," "against," place similar mark after the word "No."

| Proposition to incur debt and issue bonds of ........... to the amount of $75,000, to run from 1 to 31 years, bearing interest at a rate of 5 per cent. per annum, payable semiannually, for the purpose of creating a system of drainage and for its maintenance and improvement. | YES | |
| --- | --- | --- |
| | NO | |

The word "Yes" or the word "No" was to be indicated by a mark same as instruction written above; i. e., by a cross-mark.

If there remains anything not included

within the terms of the saving clause of the section before quoted, the application of prescription pleaded amply puts an end to all question of invalidity of the tax.

The question of form must be considered settled. The intention in fixing the limitation is clearly expressed.

We interpret the law as written. It is a statute of repose.

If time allowed is not sufficient, and that is the only question, then the lawmaking power can provide the remedy, to apply thereafter to other cases.

For reasons stated, the judgment is affirmed.