(62 South. 632.)

No. 19,611.

FICKLIN et al. v. NEW RIVER DRAINAGE DIST. OF ASCENSION PARISH.

(March 31, 1913. On Rehearing, June 30, 1913.)

*(Syllabus by the Court.)*

1. ELECTIONS (§ 278*)—SPECIAL ELECTION—CONTEST—TIME.

A plea of prescription of 60 days will be maintained under section 17 of Act No. 256 of 1910, where the copy of the petition and citation in the suit were not served upon defendant within 60 days after the promulgation of the election. Act No. 106, 1892; No. 5, 1899 (Ex. Sess.) No. 145, 1902; No. 84, 1906; Guillory v. Railway Co., 104 La. 11, 28 South. 899; Baucum v. Police Jury, 119 La. 536, 44 South.

289; Folse v. Police Jury, 125 La. 603, 51 South. 658; Waggner v. Police Jury, 125 La. 863, 51 South. 1016; 9 Cyc. 70; 15 Cyc. 398, 400.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 258–262; Dec. Dig. § 278.*]

On Rehearing.

2. ELECTIONS (§ 278*)—CONTEST—FILING PETITION.

The mere filing of a petition within the prescriptive period is not sufficient to prevent prescription from accruing where no service has been made on the defendant. Service on the defendant is the only thing that will prevent prescription from accruing and it is incumbent on the plaintiff to see that his petition is served before his right is barred by prescription.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 258–262; Dec. Dig. § 278.*]

3. ELECTIONS (§ 278*)—SPECIAL ELECTION—CONTEST—TIME.

Under Act No. 256 of 1910, suits contesting elections held under that act must be filed within 60 days, and citation must be served on the defendant within that time.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 258–262; Dec. Dig. § 278.*]

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Paul Leche, Judge.

Suit by W. J. Ficklin and others against the New River Drainage District of the Parish of Ascension. Judgment for defendant, and plaintiffs appeal. Reversed and new trial ordered.

B. J. Vega, of Donaldsonville (George Seth Guion, of Napoleonville, of counsel), for appellants. Pugh & Lemann and Caleb Cushing Weber, all of Donaldsonville, for appellee.

SOMMERVILLE, J. Plaintiffs, resident taxpayers of Ascension parish, and within the New River drainage district of that parish, allege that a special election has been held in said drainage district for the purpose of levying special taxes and issuing bonds in connection with certain propositions looking towards the draining and improvement of that district. They ask that the proclamation calling for the election, the

election itself, and the promulgation of the returns thereof be decreed to be illegal, null, and void because of alleged illegalities, irregularities, and fraud, as set forth at length in their petition. They also ask, but not in the alternative, that a correct count of the votes be made, and that a recount of the votes be had, and that it be decreed that the election was against the levy of the special tax and the issuance of the bonds referred to.

There was judgment in favor of defendant and against plaintiffs.

Plaintiffs have appealed; and defendant has filed a plea of prescription of 60 days to the action and petition of plaintiffs. The petition shows that the result of the special election referred to was promulgated August 4, 1911; that the petition in the cause was filed September 22, 1911; and that a copy of the petition and citation were served upon defendant October 18, 1911.

Defendant bases its plea of prescription upon section 17 of Act No. 256 of 1910, p. 432, which act has reference to the levying of special taxes and contributions; and elections connected therewith. Section 17 is as follows:

"That, for a period of sixty days from the date of the promulgation of the result of any such election, any person in interest shall have the right to contest the legality of such election for any cause; after which time no one shall have any cause of action to contest the regularity, formality, or legality of said election for any cause whatever. If the validity of any election held under the provisions of this act is not raised within the sixty days herein prescribed, then no governing authority of any subdivision herein named, required to levy a tax or issue bonds as authorized at an election or under this act, shall be permitted to refuse to perform that duty and urge as an excuse or reason therefor, that some provision of the Constitution or laws of Louisiana has not been complied with, but it shall be conclusively presumed that every legal requirement has been complied with, and no court shall have authority to inquire into such matters after the lapse of sixty days as herein provided."

A contest implies a plaintiff and a defendant, and a thing in controversy. Notice is the foundation of the proceeding. 9 Cyc. 70; 15 Cyc. 398.

Statutes (referring to contests of election) are mandatory; and a strict compliance with them is jurisdictional. The notice and statement required to be served by the contestant on the contestee constitute the predicate upon which the power of the court is set in motion, and unless served within the time required by the statute the court has no jurisdiction to hear and determine the contest. 15 Cyc. 400.

[1] The plea of prescription will be maintained, although the suit was filed within 60 days; citation was not served on defendant within that term. The court is without jurisdiction. There has been no interruption of the prescription.

A legal interruption of prescription takes place when the defendant has been cited to appear before a court of justice. The sheriff's return on the citation issued in this case shows that it was served upon defendant October 18, 1911; more than 60 days after the promulgation of the returns of the election, August 4, 1911.

This case was tried on its merits in the district court; the plea of prescription not having been filed in that court. There was judgment declaring the matters submitted to the electors of the district had been carried in favor of the special tax involved. This judgment will have to be reversed, as we are not considering the case on its merits.

It is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that the plea of prescription filed herein be sustained, and that plaintiffs' suit be dismissed at their cost.

### On Rehearing.

BREAUX, C. J. A very earnest plea for a rehearing of this case was filed, and a rehearing was granted by the court. In the

argument on rehearing only the question of whether the right of the plaintiff was barred by prescription was considered. Both the plaintiff and the defendant expressly agreed that the only question at issue was one of prescription vel non, and so the only question we have to consider is whether the action was brought in due time.

It has been settled by repeated decisions that this court in the absence of express law authorizing a contest was without authority to examine into the validity of an election. State v. Judge of Second Judicial District Court, 13 La. Ann. 89. But under the statute now governing the matter this court has held that 60 days is the time allotted for contests in election cases such as the one now before us for decision. Bone v. Sixth Ward and Crowley Drainage District, 128 La. 847, 55 South. 478. The right to contest the election continues only during the time stated in the statute and not to a time subsequent.

[2] Has the plaintiff in a suit in a contested election case complied fully with the law by filing his petition within the prescriptive period, and after having filed it, need he give himself any concern to see that the petition is served in case the clerk of court neglects to give the sheriff the papers to serve, or in case the sheriff neglects to serve them? Is the duty of the plaintiff at an end when he has filed his petition? That view has never hithertofore been held, and it is not held sufficient for the plaintiff to merely file his papers. It is incumbent on the plaintiff to exert himself in order to prevent the lapsing of the time, and to see that service is made. The officer is in some respects under his direction, and if he fails in his duty he may become responsible to the plaintiff (but not to the defendant).

The proceedings are in their nature summary, and the ex parte action of filing the petition was not of itself sufficient to prevent prescription from accruing. There is no action against a defendant prior to service. A judicial notification of the claim is essential. In the Encyclopædia of Pleading and Practice, vol. 1, p. 122, under the head of "Actions," the subject is considered at length. In some of the states there are statutory provisions. In others generally the service is the commencement of the suit. See note on the same page of Pleading & Practice just cited.

[3] The statute provides that the "suit shall commence by petition," to be "served in the manner" required, that is, within 60 days. While the petition is the basis of the suit under the terms of the act, it is necessary that it be filed and served within the 60 days. It cannot be otherwise under the language of the statute. The validity of an election held under the cited statute must be questioned within the 60 days. Act No. 256 of 1910. The right comes within the limit mentioned, and the petition must be filed and served on the defendant within that period. The jurisdiction is dependent upon a compliance with the terms of the statute.

The decision in Gewin v. Jackson Parish, No. 19,184, 58 South. 132,[1] is not pertinent. The point was not raised. Learned counsel contesting the validity of the election would not have permitted this point to pass unnoticed if it had been sustained by the facts. It certainly could have been presented for decision.

It was only a matter of filing the petition. Nothing was said about the date of service. For all the court knew the filing of the petition and the service may have been on the same day. At any rate there was no point of the kind.

For reasons stated, the judgment hitherto-fore handed down is reinstated, and this judgment is made the judgment of this court, and the demands of the plaintiff and appellant are rejected at his cost.

[1] 130 La. 416.