This is a suit against the American Employers Insurance Company of Boston, Massachusetts, in which it is alleged that the defendant had issued a policy of public liability covering a certain Ford sedan belonging to the Louisiana Department of Agriculture and Immigration; that on the 26th day of March, 1938, the Ford, operated by an employee of the Department, ran into and injured Ernest Jackson, a minor five years of age, under circumstances involving the negligence of the driver of the Ford, for the consequences of which plaintiff's minor son, represented herein by his tutrix, Martha Jackson, seeks to recover $2,500 as damages for physical injuries. The defendant pleaded the prescription of one year which was sustained below and plaintiff has appealed to this Court.
The accident happened, as we have said, on March 26, 1938, and this suit was not filed until February, 1941, more than two years later. In the meanwhile, the same cause of action was made the subject of a suit in the Federal District Court for the Eastern District of Louisiana, against the Employers' Liability Assurance Corporation, Ltd., of London, England. It is the contention of the plaintiff that this suit in the Federal Court, which was subsequently dismissed on February 7, 1941, although filed against a different corporation, that is to say, the Employers Liability Assurance Corporation, Ltd., of London, England, whereas the insurance carrier's proper name is, as stated in the present pleadings, the American Employers Insurance Company of Boston, Mass., will serve to interrupt prescription. *West Page 795 
The suit in the Federal Court was filed by counsel, now deceased, and there is a letter in the record, written in response to a letter from deceased counsel, from which it appears that there are three corporations known as the Employers Group, consisting of the Employers' Liability Assurance Corporation, Ltd., the Employers Fire Insurance Company and the American Employers Insurance Company. All three of the group are represented by what is known as the "Gulf Claim Department" in the Hibernia Bank Building of New Orleans. Much is made of this circumstance, the contention being that plaintiff's deceased counsel was misled by the letterhead of the Employers Group, since these companies held themselves out as a group "any confusion which might have existed was due to an act of theirs and not to any act on the part of the plaintiff". Reliance is also placed on Act 39 of 1932, which reads in part as follows: "The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts".
The case of Norwich Union Indemnity Company v. Judlin 
Whitmire, 7 La.App. 379, is relied upon and a number of other authorities cited, all of which hold to the same effect and as follows that "a citation to defendant, even though insufficient to support a judgment, will yet suffice to interrupt prescription, if it serves to notify such defendant of the nature and grounds of plaintiff's claim and that plaintiff means to assert the same". Vernon v. Illinois C.R. Co., 154 La. 370, 97 So. 493. See, also, Babin v. Lyons Lumber Company, Ltd.,132 La. 873, 61 So. 855; Anding v. Texas Pacific Railway Co. et al.,158 La. 412, 104 So. 190; Gueble v. Town of Lafayette,118 La. 494, 43 So. 63.
The prescription, as established by Article 3536 of the Revised Civil Code, as against actions ex delicto, is one year. Unless interrupted as claimed by plaintiff prescription had run when plaintiff's suit was filed in this court.
The Act of 1932 has no application. The only change which that act made in the pre-existing situation with respect to prescription was, as stated by our brethren of the Second Circuit in Taglialavore v. Ellerbe, 149 So. 296, 297, that it "merely relieves the party who has a cause of action from responsibility for the delay or negligence of the officers of the court in making service promptly". See, also, Interruption of Prescription by Judicial Action in Louisiana, 14 Tulane Law Review, 601.
Before the enactment of the Act of 1932, it was necessary that the defendant be cited within the prescriptive period. The mere filing of the suit was not sufficient.
"The mere filing of a petition within the prescriptive period is not sufficient to prevent prescription from accruing where no service has been made on the defendant. Service on the defendant is the only thing that will prevent prescription from accruing and it is incumbent on the plaintiff to see that his petition is served before his right is barred by prescription". (Syllabus) Ficklin et al. v. New River Drainage District of Ascension Parish, 133 La. 203, 62 So. 632.
Since the adoption of that Act, 39 of 1932, it is only necessary that the suit be filed within the year. The delay of the sheriff or constable, as the case may be, in making service of citation, does not now affect the situation.
In Norwich Union Indemnity Company v. Judlin Whitmire, supra, a case which was decided by one of the Judges of this Court, the suit was originally brought against Peter Judlin. A judgment was rendered in Judlin's favor dismissing the suit upon the ground that it should have been brought against Peter Judlin, Inc., a corporation of which Peter Judlin was the president. Subsequently, more than one year after the cause of action had arisen, the plaintiff in the original suit, by supplemental petition, asked judgment against Peter Judlin, Inc., citing the corporation through its president. A plea of prescription filed by the corporation was overruled on the ground that "the tort sued on was committed on December 3, 1925; the citation addressed to and served on Peter Judlin on April 20, 1926, though insufficient to base a judgment against Peter Judlin, Inc., was sufficient to interrupt prescription against the latter".
The Judlin case is not applicable because it cannot be said that the original suit filed against the Employers' Liability Assurance Corporation, Ltd., of London, England, could serve as notice of plaintiff's claim to the American Employers' *West Page 796 
Insurance Company of Boston, Mass. The corporation first sued is domiciled in England, whereas the present defendant is a Massachusetts corporation.
The letter addressed to deceased counsel should not have misled him, since it plainly revealed the correct name of each of the three corporations represented in the employers group, which are printed on the letterhead. It was his duty to ascertain which one of the three corporations had issued the policy covering the Ford automobile and not simply to pick out the one which headed the list as seems to have been done in this instance.
In Broussard v. Rosenblum, 5 La.App. 245, 246; a suit was brought against a minor, whereas it should have been filed against the father of the minor. Though both father and son resided in the same house and though it was likely that both had knowledge of the suit, we held that the first suit as against the minor son did not interrupt prescription as against the father.
In Agnelly v. Goodheit, 6 La.App. 121, the plaintiff intended to sue the father of Albino Parelli, whose name was Manuel Parelli, but brought suit against Edward Parelli, another son of Manuel Parelli. Referring to the Broussard case, we said: "In that case we reviewed a number of pertinent authorities, to which we can add nothing by further discussion here. The present case can not be distinguished in principle, and, therefore, the Broussard case is controlling. If there was simply an error in the name of defendant a different case would be presented, but in the Broussard case, as in this case, the defendant named in the petition was served. In both cases it proved to be the son of the party eventually sought to be held".
Again in Calamia v. Mayer, La.App., 174 So. 668, the holdings in the Agnelly and Broussard cases were affirmed.
Our conclusion is that the suit filed in the Federal Court against the Employers' Liability Assurance Corporation, Ltd., of London, England, did not serve to interrupt prescription as against the American Employers Insurance Company of Boston, Mass., consequently, and for the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.