(101 South. 16)

No. 26633.

SMALLEY et al. v. BROWN et al.

In re BROWN et al.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

**Witnesses** ⬤⟹4 — **Statute authorizing cross-examination of adversary held not to entitle litigant to enforce adversary's attendance for such purpose.**

Act No. 126, of 1908, *held* intended only to give a litigant the right to cross-examine adversary, *without vouching for truth* of his testimony or becoming bound by his answers, and not to entitle him to require such adversary's attendance in open court. for purpose of such examination, where his adversary is domiciled outside the parish.

Action by William F. Smalley and others against E. M. Brown, Jr., and E. R. Bernstein. On application by defendants for writs of certiorari and mandamus. Writs refused.

Huey P. Long and R. A. Hunter, both of Shreveport, for relators.

Cook & Cook, of Shreveport, for respondents.

By the WHOLE COURT.

LECHE, J. The sole issue in this case involves an interpretation of Act 126, p. 185, of 1908.

The plaintiffs, three in number, and herein acting as trustees in bankruptcy of the Tex-La-Homa Oil Corporation, reside in the states of California, Missouri, and Delaware, and the defendants are domiciled in the parish of Caddo, in this state, where the suit is now pending. The case having been fixed for trial, defendants moved that the plaintiffs be ordered to appear in person at the trial in order that they might be cross-examined in accordance with the provisions of Act 126 of 1908, and that, in the event the said plaintiffs do not appear for cross-examination, the suit herein filed be dismissed or stayed until further orders of the court. The trial judge overruled the motion, and the defendants have applied for the present writs of certiorari and mandamus.

The answer of the district judge to the rule nisi herein issued, is in part, as follows:

"The applicants for writs herein rely upon Act 126 of 1908 as the basis of the right which they claim. That act reads as follows:

"Title.

"'An act authorizing litigants in any cause before any court of this state to examine their opponents, as under cross-examination.

"'Section 1. Be it enacted, * * * that in all causes pending and untried or to be hereafter instituted in any court of this state, the parties litigant shall be entitled to examine their opponent, as under cross-examination, and in such event the parties thus examining opponents shall not be held as vouching to the court for the credibility of the opponents so placed upon the stand, or as estopped from impeaching, in any lawful way, the testimony given as herein provided for.

"'Sec. 2. Be it further enacted, * * * that all laws and parts of laws in conflict with this act be and the same are hereby repealed.'

"Respondent sets forth in full the act relied on by the applicants for writs. The attorneys for the applicants argue that the act grants to a litigant the right to cross-examine his opponent in open court upon the trial of the case. Counsel for the applicants go further and say that there is 'no such remedy as cross-examination except in open court.' No authorities are cited that tend in any wise to support such a conclusion. Nowhere does the act say that a litigant shall have the right to cross-examine in open court. It merely says that a litigant shall have the right to cross-examine.

"The law, as it existed previously in reference to calling the parties to a suit, as witnesses, should be borne in mind. In the early days, and prior to the adoption of the present Civil Code, it was the law that a party to litigation who had an interest therein was incompetent to testify in the suit. Brander v. Ferriday, 16 La. 296; Baudoin v. Nicolas, 12 Rob. 594; Gilkinson v. Steamboat Scotland, 14 La. Ann. 417.

"This rule was changed by the adoption of the present Civil Code, and under that it be-

came a law, under article 2281 of that Code, that the mere fact of interest in litigation would not disqualify a witness. Under the law as it existed after the adoption of the present Code, a party could then call as a witness the opposing party, but when so called he called him as his own witness, and was therefore bound by his testimony and by all the consequences which usually flow from the adoption of a witness. This continued to be the law until the adoption of this Act 126 of 1908.

"With the history, then of the law of evidence upon this point, it is clear that the purpose and intent of Act 126 of 1908 were to merely enable a litigant to examine his opponent without being bound by his answers. The position taken by counsel for applicants in this matter necessarily means that the act is to be construed as giving an additional method of compelling the attendance of witnesses. There is no such intention expressed in the act; the title being, 'An act authorizing litigants in any case before any court of this state to examine their opponents, as under cross-examination.'

"It will be observed that the title of the act does not say that the purpose of it is to grant additional process to a litigant to enable him to bring into court his opponent.

"If it had been intended to be construed as counsel for applicants intended it to be construed, then the act should have contained a provision indicating that it was an additional remedy given to a litigant to get his opponent into court. This it does not do and clearly was not intended to do.

"In addition to the reasons already herein assigned, one of the controlling reasons for refusing the application of the relators is that, if the law is as contended by their counsel, then it is an absurdity and is tantamount to a deprivation of many litigants of their rights in court. For instance: A. lives in New Orleans and B. in Shreveport. A. holds a note of B.'s for $50. A. sues B. at Shreveport and immediately B. files a motion to have A. to appear at the trial of the case for cross-examination. The expense of the trip, plus the loss of time would make it prohibitive for A. to comply with the order of the court. There would be no recourse other than for him to dismiss his suit or to permit it to lie upon the docket until he incidentally found an opportunity to come to Shreveport. The same absurdity would result if A. lived in California and B. lived in Shreveport, and A.'s claim amounted to, say $500. If he is to be required to come to Shreveport for the trial of the case he had best not file a suit upon his claim. If A. lived in China and B. lived in Shreveport, and A. had a claim for $1,000 he had best not file his suit against B., for, as soon as he does so, B. can make an application to the court to force him to come to Shreveport to try the case. He would save money by not suing.

"Can it be that the Legislature intended any such absurdity as that? Respondent did not think so.

"For these reasons hereinabove set forth, respondent to the writs overruled the application of the defendants."

The reasons thus assigned by the respondent judge, appear to us to be conclusive.

Act 126 of 1908 was clearly intended to give to a litigant the right to cross-examine his adversary as a hostile witness, and without incurring the responsibility of vouching for the truth of the witness' testimony. There is not a word in the act, indicating an intention on the part of the lawmaker to compel a plaintiff any more than any other witness, to attend the trial in person, when he is domiciled outside the parish in which the court is sitting. His testimony, when he is a nonresident of the parish or of the state, may be taken as on cross-examination by the defendant, by means of interrogatories taken under commission.

The rule nisi herein issued is therefore recalled, and the writs applied for are refused.