(135 So. 610)

STATE ex rel. BATT v. ROME.

No. 31224.

May 25, 1931.

Edward Rightor, of New Orleans, for relator.

Normann, McMahon & Breckwoldt, of New Orleans, for respondent.

BRUNOT, J.

A writ of certiorari issued herein, and the matter is now before us on the relator's application, the documents attached thereto, and the briefs of relator and respondent, Edmund Rome.

The issue presented is whether or not the respondent, who contemplates filing a damage suit against the relator, can perpetuate the testimony of relator, under the provisions of C. P. art. 440, as amended by Act 112 of 1914, subject to the restrictions of Act 126 of 1908.

Upon the application of respondent the court issued the following ex parte order:

"Considering the foregoing petition, and the accompanying petition:

"It is ordered by the Court that Robert L. Hickerson, Notary Public of the Parish of Orleans, be, and he is hereby, ordered and directed to take the testimony of Harry J. Batt, in behalf of petitioner, Edmund Rome, relative to the cause of action, particularly set forth in the petition herein on file in the records of this Court, under the provisions of Article 440 of the Revised Code of Practice of Louisiana, as amended by Act No. 112 of the General Assembly of Louisiana of 1914, and Act No. 126 of the General Assembly of Louisiana of 1908.

"It is further ordered by the Court that Robert L. Hickerson, Notary Public, be, and he is hereby, authorized, empowered and directed to summon the said Harry J. Batt to appear before him on such a date and at such an hour as the said Notary Public may reasonably determine and fix, in order that his said testimony be taken.

"It is further ordered by the Court that Harry J. Batt be and he is hereby, ordered, directed and commanded to appear before the said Robert L. Hickerson, Notary Public, at his office, No. 508 American Bank Building, Common and Caondelet Streets, New Orleans, Louisiana, on such a date and at such an hour as the said Notary Public may reasonably determine and fix, in order that his said testimony be taken.

"It is further ordered by the Court that in the event the said Harry J. Batt neglect or refuse to comply with the summons of Robert L. Hickerson, Notary Public, and with this order, and fail to present himself for the taking of such testimony on the date and at the hour fixed by the said Notary Public, Robert L. Hickerson, Notary Public, be, and he is hereby, authorized, empowered and directed to make      return to such effect to this Court, and to certify      said Harry J. Batt to this Court for contempt of orders and authority."

In addition to designating the notary, authorizing him to summons the relator to appear and testify, the order directs the notary public to certify the relator for contempt if he fails to comply therewith.

Relator moved to set the order aside as having been improvidently granted. A rule issued to show cause why the order should not be set aside, but, pending a hearing thereon, the court, upon the application of respondent, modified or amended its original order by adding thereto the following:

"Reserving and according to the said Harry J. Batt the right of appearance by counsel in order to elicit from the said Batt such

competent testimony as might perpetuate the said Batt's version of the subject matter of petitioner's prospective suit."

Relator then moved to further amend the order so as to eliminate therefrom the right of the applicant to have his testimony taken subject to the restrictions of Act 126 of 1908. In disposing of this motion, the judge gave the following reasons:

"In as much as under the original order issued herein the applicant can take the testimony of the witness, as under cross-examination and at the same time mover may take the testimony of the same witness for all purposes, I see no reason to alter the order, so as to force the applicant to take the testimony of the witness without restriction and without the privilege of limiting it to cross-examination. The motion herein is therefore denied."

The question relator's application presents is one of law and procedure. If respondent may legally summon relator before a notary public for cross-examination, under Act 126 of 1908, out of court and before suit, the original order issued herein did not require amendment, but, if he cannot lawfully do so, the modification or amendment of the order does not affect the relator's rights in any respect.

■ Inasmuch as it is contended that Act 126 of 1908 is supplementary to C. P. art. 440, as amended by Act 112 of 1914, and that Act 126 of 1908 provides for a cross-examination either in a pending suit or before suit, we will quote both the title and text of the act:

"An Act authorizing litigants in any cause before any court of this State to examine their opponents, as under cross-examination:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That in all cases pending and untried or to be hereafter instituted in any court of this State, the parties litigant shall be entitled to examine their opponent, as under cross-examination, and in such event the parties thus examining opponents shall not be held as vouching to the Court for the credibility of the opponents so placed upon the stand, or as estopped from impeaching, in any lawful way, the testimony given as herein provided for."

The title of the act, the use of the words "parties litigant" in the text, especially in connection with what immediately follows those words, relieving one calling an opponent under the act from vouching to the court for his credibility when placed on the stand, have led us to the conclusion that the right of cross-examination of an opponent authorized by Act 126 of 1908 may be exercised only after the institution of suit, and then only in the court having jurisdiction thereof. To interpret the act otherwise would require a strained and unwarranted construction of its terms.

■■ We are of the opinion that the act is independent legislation and not supplementary to C. P. art. 440 as amended by Act 112 of 1914. We are also of the opinion that, where an order that would subject a complainant to punishment for contempt, if disobeyed, has been improvidently issued, the complainant is entitled to relief by writ of prohibition. Rawlings v. Schwartz, 167 La. 61, 118 So. 692.

For the reasons stated, the writ heretofore issued herein is perpetuated, and it is now ordered that a writ of prohibition issue herein directed to the honorable Walter L. Gleason, Judge of Division D of the civil district court for the parish of Orleans, and to Edmund Rome, the applicant, in the matter entitled, In re Edmund Rome, Praying to take Testimony in Perpetuum Memorium, No. 190,-488 of the docket of said Court, forbidding

the said judge and the said Rome from attempting to execute or to allow the execution of the order of court issued in said cause.