LAND, J.
 

 Relator is a corporation organized under the laws of this state and is domiciled in the parish of Acadia.
 

 Relator is plaintiff in the above-entitled suit, which is now pending in the district court for that parish, and which was brought to annul and set aside a mortgage and executory proceedings had thereunder by virtue of alleged fraudulent acts upon the part of the defendants.
 

 Defendants are the Hibernia Bank & Trust Company, of which R. S. Hecht is president, and. Paul Villere, all residents of the city of New Orleans, and Alfred C. Kammer and Interstate Rice Mills.
 

 As two of the defendants reside within the state, beyond the jurisdiction of the district court for the parish of Acadia, relator applied to respondent judge for an order for a commission to take the depositions of R. S. Hecht, as president of the bank, and of Paul Villere, as under cross-examination, pursuant to the provisions of Act No. 126 of 1908, and annexed to the petition for a commission written interrogatories' to be propounded to Hecht and Villere, residents of the city of New Orleans, parish of Orleans.
 

 Respondent judge refused to order the issuance of the commission applied for by relator upon the authority of this court’s decision in the case of State ex rel. Batt v. Rome, 172 La. 856, 135 So. 610, 611.
 

 We' fail to see wherein the decision relied upon by respondent judge has any application whatever to the facts of the present case.
 

 In the Batt Case the respondent, who
 
 contemplated
 
 filing a damage suit against relator, attempted to perpetuate his testimony under the provisions of Code Prac. art. 440, as amended by Act No. 112 of 1914, subject to the restrictions of Act No. 126 of 1908,
 
 before the institution of any suit against Mm,
 
 by obtaining an order that relator’s testimony be taken before a notary public for the parish of Orleans.
 

 As expressly stated in the opinion in the Batt Case, the issue before the court was whether respondent in that case could legally summon relator before a notary public for cross-examination, under Act No. 126 of 1908, out of court and before suit.
 

 In the Batt Case we reached the conclusion “that the right of cross-examination of an opponent authorized by Act [No.] 126 of 1908 may be exercised
 
 only after
 
 the institution of suit,” and added, “and then only in •the court having jurisdiction.”
 

 It is quite clear that this added phrase as to jurisdiction in the Batt Case was founded solely upon the fact that, as no damage suit had been brought by respondent against relator in the civil district court for the párish of Orleans, that court had no jurisdic
 
 *311
 
 tion, under Act No. 126 of 1908, to order relator to be examined at all. Since relator in tbe Batt Case resided in tbe city of New Orleans, parish of Orleans, the question as to tbe jurisdiction of tbe civil district court.because of residence of relator beyond its territorial limits could not have possibly arisen, or been passed upon in tbat case.
 

 Tbe Legislature was well aware that nonresidents of a parish might be made parties defendant with parties actually residing within the parish, as in tbe case of solidary obligors.
 

 The Legislature also knew tbat it might be just as important to a litigant to cross-examine an opponent, who resided in another parish, as to cross-examine an opponent who resided in tbe parish in which suit bad been brought against several debtors in solido. The one who resided in tbe parish where suit was instituted could be cross-examined in open court, because his personal attendance could be required in tbat parish, and tbe one residing in another parish could be cross-examined by depositions taken under commission, because his personal attendance could not be required in tbe parish where tbe suit was pending.
 

 In our opinion, tbe purpose of Act No. 126 of 1908 was not to limit tbe right of a litigant to cross-examine his opponent to those cases in which the personal attendance of tbe opponent in court could be compelled, but it was the intention of tbe Legislature, as expressly declared in the act, to relieve tbe parties examining opponents from vouching to the court for their credibility, and from being estopped from impeaching their Credibility in any lawful way.
 

 Under the law as it existed, after tbe adoption of tbe present Civil Code, a party could then call as a witness tbe opposing party, but was bound by bis testimony as his own witness, and by all the consequences which usually flow .-from tbe adoption of a witness.
 

 In the case of Smalley et al. v. Brown et. al., 156 La. 669, 101 So. 16, 17, the suit was pending in the parish of Caddo, and defendants were domiciled in .that parish.
 

 Plaintiffs, three in number, and acting as' trustees in bankruptcy of tbe Tex-La-Homa Oil Corporation, resided in the states of California, Missouri, and Delaware. After tbe case was fixed for trial, defendants moved tbat plaintiffs be ordered to appear in person at the trial that they might be cross-examined in accordance with tbe provisions, of Act No. 126 of 1908. The trial judge overruled the motion, and the defendants applied to this court for writs of certiorari and mandamus.
 

 The sole issue in that case involved an interpretation of Act No. 126 of 1908 and, in. construing the act, the court said: “Act [No.]; 126 of 1908 was clearly intended to give to-a litigant the right to cross-examine his adversary as a hostile witness, and without incurring the responsibility of vouching • for * * * the witness’ testimony. There is-not a word in the act, indicating an intention on the part of the lawmaker to compel a-plaintiff any more than any other witness, to attend the trial in person, when he is domiciled outside tbe parish in which the-court is sitting. His testimony, when be is. a nonresident of the parish or of the state, may be taken as on cross-examination by tbe defendant, by means of interrogatories taken under commission.”
 

 
 *313
 
 And, manifestly, the plaintiff, the relator, would have the same right to have the testimony of the defendants, living in the parish of Orleans, taken as on cross-examination, by means of interrogatories -propounded under commission.
 

 We fail to see any good reason for the denial of such a right.
 

 It is therefore ordered that a peremptory writ of mandamus issue herein to Hon. W. W. Bailey, judge of the Fifteenth judicial district court for the parish of Acadia, directing respondent judge to sign the order presented him by Interstate Eice Milling Company, Inc., relator herein, on November 4, 1932, seeking a commission for the purpose of taking the depositions of E. S. I-Iecht, president of the Hibernia Bank
 
 &
 
 Trust Company, and of Paul Villere, defendants in said cause.
 

 It is further ordered that respondents Hibernia Bank
 
 &
 
 Trust Company and Paul Villere, pay all costs of this proceeding.
 

 ST. PAUL, J., concurs in the decree.