158 So. 567

**SOULE et al. v. WEST et al.**

No. 33155.

Nov. 26, 1934.

Rehearing Denied Jan. 7, 1935.

**J. O. Modisette,** of Jennings, for relators.

Blanchard, Goldstein, Walker & O'Quin, J. S. Atkinson, and Herold, Cousin & Herold, all of Shreveport, for respondents.

ROGERS, Justice.

The relators, three in number, are plaintiffs in a suit filed in the Second judicial district court in and for the parish of Claiborne. The suit is petitory in character, and involves title to an undivided one-half interest in ninety-one acres of valuable oil land situated in Claiborne parish.

The defendants, also three in number, after they were served with citations and copies of the petition, and before excepting or pleading to the merits of the suit, ruled plaintiffs into court to show cause why defendants should not obtain permission of the court to take the testimony of the plaintiffs under cross-examination in the manner and form prescribed by law. Plaintiffs, who reside outside the parish of Claiborne, excepted to the proceeding and moved to vacate the rule and the order thereon as unauthorized by law. The judge of the district court, after taking the matter under advisement, overruled plaintiffs' exceptions, denied their motion to vacate his order, and granted defendants the right "to take the testimony of plaintiffs under cross-examination as prescribed by law." The ruling and order come before us for review under a rule nisi issued upon plaintiffs' application for writs of certiorari and mandamus.

The case involves two important procedural questions, viz.:

(1) Whether the statutory right of a litigant to cross-examine his opponent may be exercised before issue is joined.

(2) Whether that right can be exercised only in open court during the trial of the case.

1. The relators rely on article 359 of the Code of Practice and several decisions of this court in support of their proposition that before issue is joined defendants have no right to cross-examine them.

The defendants rely upon Acts Nos. 115 and 143 of 1934, section 613 of the Revised Statutes, and certain decisions of this court as authorizing the procedure which they have invoked.

Act No. 115 of 1934 authorizes litigants to cross-examine their adversaries as hostile witnesses, without vouching for the credibility of the witnesses or being estopped from impeaching their testimony.

Act No. 143 of 1934 provides for the taking of testimony out of court by oral examination when the witness resides outside the state or within the state but outside the parish in which the case is pending.

Section 613 of the Revised Statutes declares that: "Commissions to take testimony may issue at any time after the service of petition and citation."

In the case of Interstate Rice Milling Co. v. Hibernia Bank & Trust Company, 176 La. 308, 145 So. 548, this court held that a litigant was entitled to an order for a commission to take depositions of his adversary who was a nonresident of the parish where the suit was pending, under the statute permitting the cross-examination of an adversary. The statute under review in that case was Act No. 126 of 1908, the provisions of which have been broadened and superseded by Act No. 115 of 1934.

The difference between the instant case and the cited case is that in this case the respondents before joining issue on the merits desire to cross-examine their opponents orally and not by propounding written interrogatories, as was done in the Interstate Rice Milling Company Case after issue joined. We see no reason why this cannot be done, under the express terms of Act No. 143 of 1934 and section 613 of the Revised Statutes, unless it is prohibited by some other provision of the law.

Relators contend that such a prohibition is to be found in article 359 of the Code of Practice. That article reads:

"The joining of issue is in fact the foundation of the suit, as citation is that of the action; it is only after this is done that the suit begins; the parties are then in a situation to discover what evidence is necessary in support of their respective claims."

But relators' contention that no testimony can be taken before issue is joined was answered by this court as far back as the year 1843. In Mayo v. Savory, reported in 4 Rob. at page 1, the court was called upon to compare article 359 of the Code of Practice with section 17 of Act No. 53 of 1839, p. 168, which is reproduced in the Revised Statutes as section 613. On page 3 of its opinion in 4 Rob., the court said:

"The next bill of exceptions relates to the rejection of the testimony of divers witnesses taken by virtue of a commission. This testimony was objected to on the ground that, at the time it was taken, there was no issue in the case between the parties; and the judge adds, that he was of opinion that testimony taken on commission on facts not at issue between the parties at the time of taking it, or not alleged in the petition, if the case is not at issue, should not be admitted, as the party against whom such testimony is taken has a right to be put on his guard by sufficient averments before he can be called on to cross examine witnesses. This would be correct under article 359, of the Code of Practice; but by the 17th section of the statute of the 20th of March, 1839 (Bullard & Curry's Digest, 433), it is enacted, that 'commissions to take testimony may issue at any time after the service of petition and citation.' This law is general in its terms, it applies as well to the plaintiff, as to the defendant; they are both at liberty to take out their commissions immediately after the service of the citation; and, although the former law might perhaps be considered as more properly and more justly suited to the fair exercise and enforcement of the legal rights of the parties, we are bound to obey the will of the law-maker, and to say that the inferior judge erred in rejecting the testimony offered by the defendant,

and which had been taken by virtue of a commission issued before issue joined."

Section 613 of the Revised Statutes and the ruling in Mayo v. Savory were approved and adhered to in Union Iron & Foundry Co. v. Sonnefield & Emmins, 113 La. 436, 37 So. 20.

Act No. 143 of 1934, as indicated by its title, was enacted "to provide an additional method for the taking of testimony of witnesses in civil cases when such witnesses reside outside the state or reside within the state but outside of the parish where the cause is pending."

The clear intent of the Legislature in providing a method for taking the testimony of nonresident witnesses by oral examination was to supplement the existing method of taking such testimony by depositions taken under commission. This appears, not only from the declaration contained in the title, but also from the provisions of sections 3 and 5 of the statute. In section 3 it is provided that: "Where the testimony is to be taken within the state, any person may be compelled to appear and testify in the same manner as witnesses may be compelled to appear and testify before commissioners to take depositions by commission and interrogatories." And in section 5 it is provided that: "A certificate of the officer taking the testimony shall be returned into the court where said cause is pending, under the seal of the officer before whom the testimony is taken, in the same manner as depositions are returned under the existing laws for interrogatories under commission."

If a litigant is accorded the right under section 613 of the Revised Statutes to take the testimony of a nonresident witness by

commission and interrogatories after the service of the petition and citation, there is no good reason why, in view of Act No. 143 of 1934, he should not have the additional right to take such testimony by oral examination. If this were not so, it would present the anomalous situation of a litigant being permitted to exercise the right to take the testimony of a nonresident witness after the service of petition and citation if he resorts to a commission and interrogatories and not being permitted to take the testimony of the same witness by oral examination, if he desires to do so.

Relators contend that section 613 of the Revised Statutes is in conflict with article 359 of the Code of Practice, and that, where there is such conflict, the provisions of the Code of Practice must prevail. But in Mayo v. Savory, to which we have hereinabove referred, this court found no conflict between article 359 of the Code of Practice of 1825, which is literally the same as article 359 of the Code of Practice of 1870, and section 17 of Act No. 53 of 1839, which is literally the same as section 613 of the Revised Statutes of 1870. Nor do we find any necessary conflict between the codal article and the statutory provision. And it would seem to be plain that the Legislature of 1839 did not find, nor intend, any conflict between section 17 of Act No. 53 of that year and article 359 of the Code of Practice of 1825, because, as shown by its title, the statute was adopted "to amend the Code of Practice." And in the body of the statute, which contains twenty-five sections, a number of the codal articles are expressly amended or repealed. Article 359 is not mentioned, and section 17 is enacted as a new statutory provision.

Act No. 53 of 1839 was coexistent with article 359 of the Code of Practice of 1825, apparently without thought on the part of any one that there was a conflict between their provisions. Each was supplementary to the other. Both were re-enacted in 1870, the Code of Practice by one legislative act and the Revised Statutes, in which section 17 of Act No. 53 of 1839 was incorporated as section 613, by another. If the codal article and the statutory provision were supplementary prior to 1870, necessarily they were not antagonistic. Hence the re-enactment of both by the Legislature must be given effect by the courts.

Article 359 of the Code of Practice is merely the declaration of a self-evident fact; namely, that the parties are not in a position to proceed with the trial of the case until issue has been joined. We find nothing in the language of the article which prohibits litigants from taking testimony out of court in order to be in a position to offer it in court in support of their respective claims after issue is joined.

The codal article declares, also, that citation is the foundation of the action. The defendants in this case were brought into court when they were served with citations and copies of the petition. They will remain in court until the case is finally decided, unless it is discontinued, by mutual consent or otherwise, before a final decision can be rendered.

After they were served with citations and copies of plaintiffs' petitions, defendants were authorized under the plain provisions of section 613 of the Revised Statutes to obtain commissions for taking the depositions of such nonresident witnesses as they saw fit to interrogate. We see no reason why they were not authorized also to take the testimony of the same nonresident witnesses by oral examination, under the provisions of Act No. 143 of 1934.

2. This question finds its answer in the case of Interstate Rice Milling Company, Inc., v. Hibernia Bank & Trust Co., 176 La. 308, 145 So. 548, wherein we held that a litigant was entitled to take the testimony of his nonresident adversary as on cross-examination by means of interrogatories propounded under commission; that is to say, that the exercise of the statutory right of a litigant to cross-examine his nonresident opponent is not limited to the trial of the case in open court, but may be exercised out of court in advance of the trial.

The case of State ex rel. Batt v. Rome, 172 La. 856, 135 So. 610, cited and relied on by relators, is not appropriate to the question presently before us. In the cited case, the issue before the court was whether the respondent who contemplated filing a damage suit against relator could legally summon relator before a notary public for cross-examination out of court and before the institution of the suit. This court held he could not. State ex rel. Batt v. Rome was commented upon and distinguished from the case presented in Interstate Rice Milling Co. v. Hibernia Bank.

For the reasons assigned, the rule nisi herein issued is discharged, and relators' application for a writ of prohibition is denied.