166 So. 671

HARRELSON v. NEW ORLEANS–ROOSE-
VELT CORPORATION et al.

No. 33801.

March 2, 1936.

St. Clair Adams & Son, of New Orleans, for relators.

Hugh M. Wilkinson, A. Miles Coe, Fred. W. Oser, and George M. Leppert, all of New Orleans, for respondent.

ROGERS, Justice.

Mrs. George R. McQueen brought suit for damages for personal injuries which she suffered while a guest of the Roosevelt Hotel, in New Orleans, against the New Orleans-Roosevelt Corporation, operator of the hotel, and the Ætna Life Insurance Company, its insurer.

After the service of citations and copies of the petition, but before joining issue by filing their answers, the defendants obtained an order from the trial judge directing plaintiff to appear in court on a day fixed, "in order that she may be examined by counsel for defendants, as under cross-examination, in accordance with the provisions of Act 115 of 1934." On the day fixed, plaintiff, accompanied by her attorney, appeared in court and objected to the proceeding, on the ground that defendants were not entitled to cross-examine her before issue joined or before actual trial;

she being present in the parish, in apparent good health, not intending to leave the parish, but intending to be personally present and testify at the trial. After hearing argument of counsel for the parties, the trial judge sustained plaintiff's objection and dismissed defendants' rule. The case is before us on a writ of certiorari issued on the application of defendants, complaining of the ruling of the trial judge sustaining plaintiff's objection and denying defendants the right to cross-examine plaintiff prior to the joining of issue by the filing of their answers. Defendants' complaint is not well founded.

Defendants' proceeding is based on Act No. 115 of 1934. Section 1 of the act authorizes litigants to cross-examine their opponents as hostile witnesses, without vouching for their credibility, or being estopped to impeach their testimony. Section 2 extends the right of cross-examination to cases in which any of the litigants is a corporation, partnership, or other legal entity other than an individual. Section 3 provides that a litigant examining his opponent under the act may do so as often as may be desired.

■ Act No. 115 of 1934 is independent legislation. State v. Rome, 172 La. 856, 135 So. 610. There is nothing on the face of the statute which authorizes a litigant availing himself of its provisions to cross-examine his opponent before issue joined. The right given to a litigant under section 3 to examine his opponent "as often as may be desired" means nothing more than that during the trial of the case the litigants may examine their opponents without

vouching for their credibility or being estopped to impeach their testimony as often as they may think the necessity requires, subject, however, to the discretionary right of the trial judge to stop prolonged and useless examinations of the witnesses.

■ Nor are there any codal articles or other statutes which may be read in connection with Act No. 115 of 1934 so as to authorize the proceeding invoked by the defendants. Article 351 of the Code of Practice cannot be considered in construing the statute. The codal article applies to the propounding of interrogatories on facts and articles, which is a special procedure authorized by the Code and governed by special rules.

The cases of Interstate Rice Milling Company, Inc., v. Hibernia Bank & Trust Co., 176 La. 308, 145 So. 548, and Soule v. West, 180 La. 1092, 158 So. 567, relied on by defendants, are easily distinguishable from this case. All that was decided in the Interstate Rice Milling Company Case was that a litigant is entitled to examine his nonresident opponent by depositions, under the statute permitting cross-examination of an adversary. The Soule Case is authority only for the proposition that before issue is joined a litigant is entitled to orally cross-examine his nonresident opponent. The decision was predicated on Acts Nos. 115 and 143 of 1934 and section 613 of the Revised Statutes, construed together, as statutes on cognate subjects, if not strictly in pari materia. The decision is in line with the ruling in Smalley v. Brown, 156 La. 669, 101 So. 16, that a litigant cannot compel his nonresident opponent's attend-

ance in open court for the purpose of cross-examination, but such examination may be conducted by means of interrogatories taken under commission. Since that case was decided, Act No. 143 of 1934 has been enacted, granting litigants the additional right to orally cross-examine their nonresident opponents.

The decision in the Soule Case, predicated on the necessity of procuring evidence beyond the jurisdiction of the trial court, as reflected in the pertinent statutes, constitutes an exception to the general rule of orderly procedure prescribed for the trial of cases under articles 359, 476, and 477 of the Code of Practice. In this case, the defendants, departing from the general rule, are assuming the right before issue joined to orally cross-examine the plaintiff, who, unlike the plaintiffs in the Soule Case, is a resident of the parish where the suit is pending, and not expected to be absent from the parish when the case is tried.

We find no warrant for extending the rule of the Soule Case to this case. When evidence of nonresident litigants is taken orally or by depositions, whether before or after issue joined, to be available, it must be formally offered on the trial of the case, when it may be objected to under the issues as defined by the pleadings. But to permit litigants to examine their resident opponents in open court, before the issue is defined, would be to permit the taking of evidence in its final form without advising the trial judge of the issues in the case and placing him in a position to rule on its relevancy and admissibility.

The procedure invoked by defendants, if sanctioned by this court, would open the door to the admission of much irrelevant evidence and lead to unwarranted delays and endless. confusion in the trial of cases.

We find no error in the ruling of the trial judge.

For the reasons assigned, the rule nisi herein is discharged and relators' application for writs of prohibition and mandamus is denied.