18 So.2d 305

**WATSON v. HARVEY et al.**

No. 37453.

April 17, 1944.

Rehearing Denied May 22, 1944.

John G. Gibbs, of Natchitoches, for defendants-applicants.

Watson & Williams, of Natchitoches, for plaintiff-respondent.

FOURNET, Justice.

Arthur C. Watson having instituted this suit in his capacity as the trustee in bankruptcy of Dennis Roque to set aside Roque's transfer to Louis Culpepper and William Bauernschmidt, Jr., of his interest in a 30-acre tract of land in Natchitoches parish on the ground that it was a simulation, pure and simple, obtained from the court under the provisions of Act No. 326 of 1942—both parties residing outside the parish where the suit was instituted but within 100 miles thereof—an

order summoning the defendants Roque and D. G. Harvey (who acquired the property from Culpepper and Bauernschmidt) to court for *cross-examination* under Act No. 115 of 1934. These defendants (the relators) then applied to and were granted by us a writ for a review of the proceedings and, in the interim, a stay order was issued.

It appears that the relators not only opposed the respondent's (plaintiff's) application for the order summoning them for cross-examination, but that they also sought to have the order rescinded after it had been issued. The opposition in both instances was substantially the same, i. e., that the act authorizing the summoning of witnesses in civil cases has no application to the litigating parties, the remedy of the respondent being relegated to taking their testimony by deposition and, in any event, that the act is unconstitutional and unenforceable in so far as it applies to witnesses in civil cases that are beyond the jurisdiction of the court. They also contend that Harvey's testimony has already been taken by deposition and that Roque, who has no interest in the property, is over 70, in bad health, and without the means to make the trip.

■ The relators have apparently abandoned their contention that the act is unconstitutional (without merit in any event) for no mention of it is made in their brief, the argument urged there being that the plaintiff's remedy under the jurisprudence of this court in the cases of Smalley v. Brown, 156 La. 669, 101 So. 16; and Interstate Rice Milling Co., Inc., v. Hibernia

Bank & Trust Co., 176 La. 308, 145 So. 548, is to have interrogatories propounded under commission.

When the Smalley and Rice Milling cases were handed down, there was then in full force and effect Section 3941 of the Revised Statutes of 1870 providing that "Witnesses in civil cases shall never be compelled to attend any court out of the parish wherein they reside, but when their testimony shall be wanted, the court having cognizance of the case shall issue their commission authorizing some magistrate, or any person of the parish wherein the witness shall reside, to examine such witness and receive his deposition," and the court in the Smalley case very aptly pointed out that in Act No. 126 of 1908 (superceded by Act No. 115 of 1934), authorizing a litigant to cross-examine his adversary as a hostile witness and without incurring the responsibility of vouching for the truth of his testimony, *"There is not a word * * * indicating an intention on the part of the lawmaker to compel a plaintiff any more than any other witness, to attend the trial in person, when he is domiciled outside the parish in which the court is sitting.* His testimony, when he is a nonresident of the parish or of the state, may be taken as on cross-examination by the defendant, by means of interrogatories taken under commission." (Italics ours.) [156 La. 669, 101 So. 17.]

■■ Necessarily the effect of these decisions has been modified by the provisions of Act No. 326 of 1942 wherein Section 3941 of the Revised Statutes of 1870 was specifically repealed and the summon-

 

ing of witnesses in civil cases authorized even though they reside outside the parish in which the case is pending, provided they live not more than 100 miles distant therefrom. In such instances the party desiring to examine the witness must deposit with the court a sum sufficient to cover the necessary travelling and court expenses. Included in this sum must be 5¢ for every mile the witness must travel, $3.50 a day for hotel and meals if the witness is required to stay more than a day, and $1.50 daily for his attendance in court.

Inasmuch as the respondent has complied with all of the provisions of the act, it is our opinion that he can compel the relators to appear in court, since neither of them resides more than 100 miles therefrom, although they do reside in another parish. The fact that Harvey's testimony has already been taken by deposition does not prevent the respondent from calling him as a witness under the provisions of Act No. 115 of 1934 and the holding of this court in the case of Sangassan v. Sangassan, 181 La. 31, 158 So. 611. Whether Roque can be compelled to attend court because of his ill health is for the court's discretion after an inquiry is made to determine his condition at the time his presence is required, and since the respondent has deposited with the clerk of court a sum sufficient to defray the expenses required by the act, which amount must be paid to him immediately upon his appearance in answer to the summons, the fact that he is without means to make the trip is of no moment.

For the reasons assigned, the writs issued herein are recalled and the application of the relators is denied, at their cost.

O'NIELL, C. J., does not take part.

ODOM, J., absent.