KENNON, Justice.
 

 On the application of the relators, an order was issued by this Court to Honorable George W. Bolton, Jr., Judge ad hoc of the Fifth District Court, sitting in the Parish of Richland, directing that he and the respondents in this case show cause why that judge’s order for the taking of oral testimony of certain nonresident defendants should not be rescinded and why such testimony should not be taken through interrogatories and cross-interrogatories, etc.
 

 The return of the respondent judge shows that the order complained of was issued under Act 143 of 1934, after service of notice on the relators and after an open court hearing in which all parties at in-' terest were represented.
 

 The relators denied the right of the district judge to issue such order for the reason that the suit between the parties, was one involving real estate and that the plaintiffs (respondents), having instituted a petitory action, had no right to introduce oral testimony; and, in the alternative, that any order to take such testimony should restrict the same to matters relevant and prohibit an effort to establish title to immovable property by parol evi-' dence; that in the further alternative any order issued should restrict the right to use testimony so taken to the particular defendants; that as to William Petty, an attorney at law, employed by the Sun Oil Company, the cross-examination should be’
 
 *869
 
 restricted to matters not privileged; that as to the defendant James L. Anding, Jr., the order was unnecessary as his counsel had dictated into the record a commitment that Anding would present himself before the judge at any time and be present at the trial of the case on its merits and would be available for cross-examination; that the taking of all this testimony out of the Parish and State would be very burdensome, necessitating Louisiana lawyers representing various defendants visiting the several points at which the testimony should be taken, in order that their clients might not be deprived of their right to enter such objections as might be deemed pertinent; and that such testimony should be taken by rendering written interrogatories without doing prejudice to any of the parties’ rights.
 

 This Court, in Soule et al. v. West et al., 180 La. 1092, 158 So. 567, upheld the right of a litigant to take testimony out of court by oral examination when the witness resides outside of the State or within the State but outside of the Parish within which the case is pending, and that a litigant has this statutory right to cross-examine his opponent before issue is joined.
 

 Act 143 of 1934 does not by its terms give to the litigants an absolute and uncontrolled right to require the issuance of commissions to take testimony de bene esse of a nonresident witness — including opposing litigants. By its title, this Act provides * * * an additional method for the taking of testimony of witnesses in civil cases when such witnesses reside outside the state or reside within the state but outside of the parish where the cause is pending.”
 

 Sections 1 and 2 of the Act are designed to safeguard a litigant from the harrassment of an unreasonable opponent by providing that the testimony of such witness shall not be taken except with the permission of the court “ *' * * first obtained,
 
 after
 
 opposing counsel has been ruled into Court, to show cause why permission should not he granted.” Thus, the Act leaves it to the sound discretion of the triai judge to determine in each instance whether the circumstances justify the granting to the litigant the privilege of taking oral testimony in advance or whether the application under the Act should be denied, leaving the litigant- the alternative of taking testimony through interrogatories — which he may do as a matter of right, and without rule on his opponent. This is a wise provision of law. Were the right to oral testimony an absolute one and not subject to judicial control, it would be an easy matter for a vengeful litigant, particularly one of large means, to harrass and take unfair advantage of an opponent.
 

 In this case, a careful examination of the record shows that there has been no abuse of the sound discretion given to the trial judge under the terms of the Act. The respondents’ objections to the admissibility of the oral testimony so taken can he urged at the time it is formally offered on the trial, of the case. Harrelson v. New Orleans-Roosevelt Corporation et al., 184 La. 551, 166 So. 671.
 

 
 *871
 
 For the reasons assigned, the rule to show cause and the stay order issued herein on January 31, 1946, are discharged and the relators’ application for the writs of certiorari, prohibition and mandamus is denied.