## JORDAN *v.* BOSWORTH.

Handing to the clerk a petition, with instructions to indorse upon it an entry of filing and to issue process, but " to hold it " until the plaintiff notifies him further, is not a filing of a suit or the commencement of an action, within the meaning of the Civil Code, § 4973, until the instructions are withdrawn; and if the bar of the statute of limitations attaches before the instructions are withdrawn, the suit is barred notwithstanding service was regularly perfected after the withdrawal of the instructions.

Argued June 27,—Decided August 5, 1905.

Complaint on note. Before Judge Reid. City court of Atlanta. February 1, 1905.

Suit was brought upon a promissory note under seal, dated November 10, 1882, and due one day after date. The defendant pleaded the statute of limitations. The facts upon which this plea rested were as follows: On November 10, 1902, the plaintiff went to the office of the clerk of the city court, handed him the original petition, and asked him to file it and issue process, but to hold it in his office until the plaintiff further notified him. The clerk entered upon the petition, "Filed in office this the 10th day of November, 1902," and affixed his signature as clerk, and also issued process at the same time. On November 17, 1902, the plaintiff called at the clerk's office and instructed him "to go ahead with the suit," and then the clerk had pre-

pared a copy and turned the copy and the original over to the sheriff for service, and service was perfected a few days thereafter. The case was not entered upon the docket until November 17. The court overruled a demurrer to the portions of the defendant's answer which set up the foregoing facts, directed a verdict in favor of the defendant, and overruled the plaintiff's motion for a new trial. The exceptions to these several rulings all raise simply the question whether the court was right in holding that under the facts above stated the suit was barred.

*Dorsey, Brewster & Howell,* for plaintiff.

*C. B. Reynolds* and *DuBignon & Alston,* for defendant.

COBB, J. The code provides that actions upon instruments under seal " shall be brought" within twenty years after the right of action accrues. Civil Code, § 3765. There is no substantial difference between *bringing* a suit, and *commencing* a suit; and the section may be read as if it had said suit shall be *commenced* within twenty years. The Civil Code, § 4973, provides : " Upon every petition the clerk shall indorse the date of its filing in office, which shall be considered the time of the commencement of the suit." Obviously the proper construction of this section is, not that the *indorsement* of the date of filing by the clerk, but the *actual date of filing,* is to be deemed the time of the commencement of the suit. And there is a very substantial difference between the two things. The clerk may write an entry of filing on a petition, and yet not actually file it in his office. The entry of the clerk is evidence of filing, but not necessary or conclusive evidence of that fact. "A paper is said to be filed, when it is delivered to the proper officer, and by him received, *to be kept on file."* *Peterson* v. *Taylor,* 15 *Ga.* 483, quoting from 13 Vin. Abr. 211. See also *Floyd* v. *Chess-Carley Co.,* 76 *Ga.* 752 (1) ; *Laslie* v. *Laslie,* 94 *Ga.* 721 (c) ; *Adams* v. *Goodwin,* 99 *Ga.* 138. Nor will notice to the opposing party that a particular pleading will be relied on at the trial dispense with an actual filing of the paper in the clerk's office. *McDougald* v. *Banks,* 13 *Ga.* 451. Even the actual filing of the petition will not be regarded as the commencement of the suit, unless followed up by proper service. *McClendon* v. *Phosphate Co.,* 100 *Ga.* 219 ; *Florida Central R. Co.* v. *Ragan,* 104 *Ga.* 356 ; *Nicholas* v. *Assurance Co.,* 109 *Ga.* 621. " If there is no service, the plaintiff can not remain in-

active, and, after having been guilty of laches, ultimately move in the cause, and then claim that a suit allowed to remain passive is to be treated as having been commenced as of the time of the filing of the petition." *Cox* v. *Strickland*, 120 *Ga.* 114. In the present case, however, process was issued, and service was perfected; and the question for determination is, on what date was the petition filed in the clerk's office?

The law contemplates that when a pleading is filed in the clerk's office, it becomes an office paper of the court in which it is filed, and the party filing it loses control over it in so far as the regular procedure usually pursued in such a case is concerned. A paper filed in the clerk's office must be allowed to follow, without interference from the parties, the usual course of legal procedure, and a party who interferes does so at his peril. If he prevents that being done which is usual and proper, he can not thereafter claim a benefit which would accrue only if regularity had been observed. A plaintiff can not hand a petition to the clerk with instructions to make an entry of filing on it and withhold it from service until further instructions, and afterwards contend that the petition was actually filed when the entry of filing was made. By such conduct he ties the hands of the clerk, makes him merely his agent, deprives him of all official relation to him and the transaction, and official relations do not arise until he removes the bonds. A petition to be filed must be lodged with the clerk, with the understanding that the usual procedure is to be followed, that is, process issued and service perfected. The defendant has no legal notice of the suit until served with a copy of the petition and process; and to make such notice relate back to the time of the commencement of the action, the plaintiff must really *commence his action,* without any reservation as to the time when service shall be perfected. The filing of the petition must be unequivocal and bona fide, and it must not be lodged with the clerk to be held by him until the plaintiff determines whether he really intends to sue or not. A suit, with the right reserved in the plaintiff to say whether it shall really become a suit, is a legal paradox, and one for which we are satisfied there is no authority of law. In Maddox *v.* Humphries, 30 Tex. 494, it was held: "Where the plaintiff filed a petition with the clerk, and endorsed it 'the clerk will not issue upon this until further

instructions by me,' the suit was not properly commenced until the order was given for the citation; and such a deposit or filing with the clerk did not arrest the running of the statute of limitation." See also Seaver *v.* Lincoln, 21 Pick. 267; Ross *v.* Luther, 4 Cow. 158, 15 Am. Dec. 341; Bates *v.* Smith (Tex.), 16 S. W. 47; 1 Cyc. 748. While the cases above cited were dealing with statutes not in all respects like ours, and hence are not exactly in point, they are nevertheless authority for what is a filing, and so are, in principle, in point. There was no error in any of the rulings complained of.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*