26228. FOSTER *v.* FIRST NATIONAL BANK OF ATLANTA.

DECIDED DECEMBER 3, 1937. REHEARING DENIED DECEMBER 17, 1937.

*Poole & Fraser,* for plaintiff.
*Brandon, Hynds & Tindall,* for defendant.

STEPHENS, P. J. 1. Where, on the hearing of a claim for compensation before a director of the Department of Industrial Relations, it appears from the evidence that the alleged accident which was the basis of the claim for compensation occurred on July 17, 1934, and that the claimant, on July 9, 1935, "filed" his claim with the Department of Industrial Relations, and at that time a person with whom the claimant talked at the department stated to him that if he did not file his claim within twelve months the employer could stop his pay, that "a man has not got a chance after twelve months if he don't file his claim," and that (addressing the claimant) "you can file it, and we will hold it for you, and then if they cut you off you can call a hearing," and that "they [meaning the people at the Department of Industrial Relations] would not call a hearing, they would file it, and would not call a hearing until" the claimant "requested one," the inference is authorized that the claimant deposited the claim with the Department of Industrial Relations within one year from the accident, but at the time gave instructions that further proceedings by the Department of Industrial Relations be held back, and that notice of the filing of the claim would not be given to the

employer until the claimant requested the Department of Industrial Relations to give such notice; and where it appears from the evidence that the claimant did not request the Department of Industrial Relations to call a hearing on the claim until the third day of January 1936, which was more than a year after the accident, the director was authorized to find that the claim was not legally filed on July 9, 1935, but was not legally filed before January 3, 1936, when the claimant requested of the Department of Industrial Relations that a hearing be had on the claim. *Jordan* v. *Bosworth,* 123 *Ga.* 879 (51 S. E. 755).

2. The director of the Department of Industrial Relations did not err in finding that after the claimant had filed the claim with the department on July 9, 1935, at his own request and direction the claim was withheld from the employer until January 3, 1936, which was more than a year after the date of the accident. Under the facts as found by the director the claim, under section 25 of the workmen's compensation act (Code, § 114-305), was barred because it was not filed with the Department of Industrial Relations within a year after the accident. The evidence authorized the finding by the director denying compensation. The full board did not err in affirming the award of the director, and the judge of the superior court did not err in overruling the appeal and affirming the finding of the Department of Industrial Relations. *Judgment affirmed. Sutton and Felton, JJ., concur.*

STEPHENS, P. J., dissenting. The above expresses the ruling of the majority of the court. I dissent therefrom. The following expresses my views of the case: W. W. Foster filed a claim for compensation against the First National Bank of Atlanta, for personal injuries alleged to have been received by him on July 17, 1934, while lifting and moving steel cages, which injury it was claimed arose out of and in the course of Foster's employment with the bank. It appears from the testimony of the manager of the bank that on July 30, 1934, Foster notified him of the injury, but made no "claim." On August 9, 1934, the bank notified the Department of Industrial Relations of the accident. This notice was filed within thirty days of the alleged date of the accident. It also appears from the evidence, and the director of the Department of Industrial Relations who heard and passed on the claim so found, that the claimant filed his claim with the

Department of Industrial Relations on July 9, 1935. The director further found that by the claimant's "own request and direction, the claim was withheld from the bank until January 3, 1936," and that notice was afterwards given to the Department of Industrial Relations by the claimant's attorney on January 9, 1936, asking for a hearing. The bank received notice of a hearing on or about January 10, 1936. The director, after finding as above, stated as follows: "The right thing for Mr. Foster to have done, if he claimed compensation as a result of an accidental injury, which he now seeks to enforce, he should have notified the bank of his claimed injuries and let the claim be tried at an earlier date. Instead of that, he did the unfair thing, and that was to draw his salary until the last pay-day of the year 1935, when he was cut off for the reason . . he did not seem willing to do any work at all. . . The preponderance of the evidence in this claim clearly shows that Mr. Foster failed to give the bank notice of his claim. Taking the evidence and these facts and circumstances into consideration, the director feels that the claim is not well founded, and for that reason refuses compensation." The director did not find that the claim for compensation was not filed with the Department of Industrial Relations within one year after the accident, and did not base his ruling on the ground that the claim was barred because not filed within one year after the accident, but found that the claimant failed to give notice of his claim to the bank and "did the unfair thing" by drawing a salary from the bank until the last pay-day of the year 1935, when the bank stopped payment to him.

There appears nowhere in the record any evidence that the claimant Foster, or any one for him, notified or requested any one to withhold the claim or notice of the claim from the bank as found by the director. The director's recital of the evidence as to this is as follows: "I wish to call attention to the fact that Mr. Foster claims that he was injured on July 17, 1934; that he never filed any claim for compensation until July 9, 1935. Even as late as January, 1936, there is a notation on Mr. Foster's claim for compensation, made by Miss Henderson, the claim clerk, in the following words: 'Hold for notice from claimant. O'kayed 1/3/36.'" It does not appear from this finding of fact by the director that the claimant or any one in his behalf gave any notice

to any one to hold the claim. It only appears that Miss Henderson, the claim clerk, made a notation on the claim that the claim be held for notice from the claimant. No authority appears for Miss Henderson's making this notation. Nor does there appear any date when this notation was made, unless it was January 3, 1936, which date, as recited by the director, appeared on the claim with the notation made by Miss Henderson as follows: "O'kayed 1/3/36." All that appears from the evidence, as respects the holding back of the claim and refraining from notifying the bank, is the testimony of the claimant that he filed the claim with the Department of Industrial Relations on July 9, 1935, that he was told by some one at the Department of Industrial Relations that if he did not file his claim within twelve months "they can stop" his pay, and it was suggested to him that "you can file it, and we will hold it for you, and then if they cut you off you can call a hearing," and that (in the language of the claimant) "they would not call a hearing until I requested one." Therefore nothing appears from the evidence in the record, or as recited by the director, that the claimant, by any act on his part on or after filing the claim, as held by the director, on July 9, 1935, gave any direction or notice for the withholding of notice of the claim from the bank. The evidence therefore was insufficient to authorize the finding of the director that after the plaintiff had filed his claim on July 9, 1935, he by his own request and direction withheld the claim from the bank until January 3, 1936. The ruling in *Jordan* v. *Bosworth,* 123 *Ga.* 879 (supra), is not applicable. In that case the plaintiff filed a petition in a suit with the clerk of the court, and expressly instructed the clerk to hold the paper until further notice from the plaintiff, which the clerk did. The plaintiff later notified the clerk to "go ahead with the suit." The clerk then docketed the case, and caused service to be made. The court held that the plaintiff's action in notifying the clerk to hold the paper until further notice from the plaintiff operated to prevent a filing of the suit at that time, and that the suit did not become filed until after the plaintiff had instructed the clerk to go ahead with the suit.

The evidence therefore was insufficient to authorize the finding that the claim was barred by reason of not having been filed within a year after the accident. The evidence adduced was sufficient to

884

authorize the finding that the claimant was injured in an accident which arose out of and in the course of his employment with the bank; that the bank received notice of the accident, and notified the Department of Industrial Relations thereof within thirty days of the accident; and that the claim was filed with the Department of Industrial Relations on July 9, 1935, which was within one year of the accident. There was evidence as to the amount of salary or wages earned by the claimant and as to the nature and extent of the alleged injuries. The evidence was sufficient to authorize a finding of compensation for the claimant, and was insufficient to authorize the only finding made by the director of the Department of Industrial Relations in which he denied compensation, that the claimant had failed to give the bank notice of his "claim." The finding by the director of the Department of Industrial Relations denying compensation on the ground that the claimant had not given notice of his claim to his employer, the bank, was without evidence to support it; and since the evidence otherwise authorized a finding in favor of compensation for the claimant, the finding of the Department of Industrial Relations, affirming the findings of the director denying compensation on the ground that the claimant had not given notice to the bank of the filing of his claim, was without evidence to support it and should be set aside. The judge of the superior court erred in overruling the appeal and in affirming the rulings and findings of the Department of Industrial Relations.