27705. LUMBERMEN'S MUTUAL CASUALTY COMPANY
et al. v. LAYFIELD.

DECIDED OCTOBER 11, 1939. REHEARING DENIED NOVEMBER 8, 1939.

*Haas, Gambrell & Gardner,* for plaintiffs in error.
*McCullar & McCullar,* contra.

FELTON, J. This case is here by virtue of exceptions taken to the order of the judge of the superior court reversing the award of the Industrial Board denying compensation to the claimant. In January, 1937, Jesse Layfield, the claimant, wrote to the Industrial Board as follows: "Was employed by Mr. Glenn Florence of Avondale Estates, Georgia, on a construction contract at Barnesville, Georgia. While working on this job in the operation of a gas shovel and the operation of shovel was very uncomfortable and had to sit in a cramped position; due to this cramped position a blood-clot formed in both legs, and was confined to Scott's Hospital this city for a period of eight weeks, and was confined at home for two weeks; then used crutches until January 12, 1937; since that time

have been able to walk around some, but still unable to do any work of any nature. Dr. W. M. Scott is still treating my legs. Have written Mr. Florence about this matter, but so far have not heard anything from him. Therefore will appreciate anything that you may do for me in this matter." The Industrial Board wrote to the claimant that from the description of his injury in his letter it did not seem that the injury was compensable; but that if he so desired, a hearing would be had on his claim. After some correspondence with the attorneys for the claimant, a hearing was ordered and held. The evidence adduced at the hearing was substantially as follows: The claimant was working for Glenn Florence, contractor, on October 14, 1936. He was hurt at that time in Chatsworth, Georgia. He was employed to operate a three-quarter-yard gas shovel which shovel weighed 17 or 18 tons. He was digging with the shovel, and when he started getting out rock the shovel jerked and jolted him until it gave him a pain in his leg. He worked on the shovel for a day and a half afterward, or two or three days, and was lifting heavy rock, and the jolting caused a recurrence of the pain. He got one heavy jolt, but still tried to work; when he picked up the big rock he felt the first pain; the shovel jerked him all the time he was digging; the machine would kick up like it was going to turn over, and would slip out from under the rock, and sounded as if it were coming to pieces. After he left Chatsworth he reported his injury to Lyons, a foreman for Florence. When he reported it Lyons operated the shovel, and that night called a doctor for claimant. This report was made Monday after the injury on Saturday. He then went to the doctor in Milledgeville. He worked at Barnesville two days. He worked three or four days at Chatsworth. There was continual jarring, but on the day of the injury he got some awful jars.

Dr. W. M. Scott testified that the claimant came to him and gave him a history of working on a steam shovel and having a sudden violent pain, stating that he had a sudden violent jar on the shovel; that when the claimant came to him the trouble was in his left leg, but later went into the other leg; that from the history given by the claimant and the treatment given the witness would say that the disability was the result of an accident; that there is a fifty per cent. disability in both legs; that the claimant told him the injury was caused by constant jarring; that the usual

cause of phlebitis is infection, but that one could have it purely from trauma without any infection in the blood stream; that the pneumonia developed by the claimant was caused by the phlebitis; and that the claimant can not do laborious work. Dr. Richard Binion testified for the defendant (after giving the history of the case), that he had never seen traumatic thrombotic phlebitis in an occupational thing without a direct or massive crushing blow; that he had been taught that one could not have thrombo-phlebitis without infection, unless there was a direct trauma. There was other testimony along the same line. The director found, among other things, that the claim had been filed in time; that the employer had the required notice; that the claim was filed within the time required; that the claimant's disability was "due entirely to a disease known as phlebitis; and that this disease is an occupational one, and did not result naturally and unavoidably from an accidental injury." The Industrial Board affirmed the director's finding denying compensation.

Assuming that the objection that the claim was not filed in time was properly preserved by the record, we think that the claim filed with the Industrial Board in this case was sufficient to withstand the statute of limitations. The evident intention of the claimant was to file a claim, and he considered it as having been filed. The workmen's compensation act does not require any special kind of a claim to be filed; and we hold that the claimant sufficiently complied with the statute.

Under the facts of this case, this court holds that the Industrial Board erred, as a matter of law, in finding that phlebitis caused by jarring on a steam shovel for three days was an occupational disease. Any injury caused by sudden jarring on a shovel over a period of three days is not an occupational disease, but is an injury compensable under the workmen's compensation act.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*