28407. BITUMINOUS CASUALTY CORPORATION *et al. v.* MALLORY *et al.*

DECIDED NOVEMBER 26, 1940.

*T. Elton Drake, Edward B. Lovell,* for plaintiffs in error.

*Fraser, Irwin & Latimer, J. O. Atkinson,* contra.

*Clarence Kolwyck,* as amicus curiæ.

BROYLES, C. J. This is a claim case brought under the Georgia workmen's compensation act. It was dismissed by the Industrial Board, on the ground that the claim was not filed with said board within twelve months from the date of the accident upon which the claim was based. Upon an appeal the superior court reversed the judgment of the Industrial Board, holding in effect that the claim was filed within twelve months from the date of the accident. It is well settled that the Georgia compensation act does not require any technical or formal filing of a claim. The mere writing of a letter to the Industrial Board by a claimant, setting forth his employment, the name of his employer, and the cause of his injuries, may amount to a filing of his claim. *Lumbermen's Mutual Cas. Co.* v. *Layfield,* 61 *Ga. App.* 1 (5 S. E. 2d, 610). Under the above-stated ruling and the facts of the instant case, we are of the opinion that the claim was filed within twelve months from the date of the accident. It does not appear from the record that the claimants or their attorney, when the claim was filed with the Industrial Board, did or said anything that amounted to "an interference with the usual course of legal procedure." It follows that the decisions in *Jordan* v. *Bosworth,* 123 *Ga.* 879 (51 S. E. 755), and *Foster* v. *First National Bank,* 56 *Ga. App.* 880 (194 S. E. 225), are not here applicable. It appears from the record in the instant case that *after* the claim was filed and a request made that it be assigned for hearing, the attorney for the claimants wrote to the Industrial Board a letter in which he stated that he intended to first proceed under the compensation act of North Carolina (where he and the claimants lived), and, if the North Carolina commission ruled that it had no jurisdiction of the claim, he would then proceed under the Georgia act. He also made in the letter the following statement: "In view of this decision I am not at this time sending you request that claim be assigned for hearing. However, in order to protect my clients' rights, I wish to file with you properly executed proof of claim. Hence I shall appreciate it if you will send me the re-. quired number of blank forms of proof of claim. I will advise

you at the proper time the final outcome of the case under our Commission." In answer to that letter the Georgia Industrial Board wrote as follows: "This will acknowledge receipt of your letter of August 12, in which you advised that it is now your intention to proceed first under the North Carolina law for recovery of compensation in this case. The application which was returned to you to include the addresses of the parties at interest is sufficient proof of the claim. If you will return that application, we will docket the case for hearing, holding it pending the outcome of your procedure in North Carolina." The record shows that the application containing the addresses of the parties at interest was returned to the Industrial Board; and that within three months after the date of the accident in question the attorney for the claimants wrote to the Industrial Board of Georgia a letter containing the following sentence: "I do not know whether or not you have formal proofs of claim; and if not, I wish for you to accept this letter as the necessary claim." The record contains other letters written to the Industrial Board by the attorney of the claimants and by said board to said attorney. These letters, when construed in the light of the entire correspondence, clearly show that the claim was "filed" with the Industrial Board within three or four months of the date of the accident; that the Bituminous Casualty Corporation and its attorney were notified of the claim, and were also aware of the intention of counsel for the claimants to proceed first under the law of North Carolina; and that in effect the case was continued until the North Carolina commission had ruled whether it had jurisdiction of the claim. It is well settled that after a compensation claim has been filed, the case may be continued for any length of time, within the discretion of the Industrial Board, and that during such continuance the statute of limitations is arrested. In our opinion the court did not err in reversing the judgment of the Industrial Board.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*