On September 22, 1939, the Eleventh Judicial District Court of Sabine Parish, Louisiana, rendered judgment in case No. 13,457, styled Frost Lumber Industries, Inc., v. Cora Canada et al., decreeing that the defendants had slandered plaintiff's chain of title to the following described property situated in Sabine Parish, Louisiana, to-wit: NE 1/4 of NW 1/4, Section 31, Township 9, North of Range 13 West, containing 40 acres more or less.
It further ordered and decreed that the defendants institute a suit against plaintiff in revendication of their rights to the property described in the judgment within sixty days after judgment became final and in default of such suit that defendants be forever barred from setting up any claim, rights or privileges to, on or against the property described therein. Defendants did not perfect an appeal from said judgment.
On November 17, 1939, the defendants in the above styled and numbered suit filed with the Deputy Clerk of Court a petitory action against the plaintiff in the above numbered and styled suit praying that they be recognized as the true and lawful owners of the property as described in the slander of title suit and that they be sent into possession thereof as their respective interests are shown. Citation was not issued in this last case until April 3, 1940, and service made on the defendant herein on April 4, 1940.
Defendant pleaded estoppel and judicial debarment to this last suit and, in the alternative, pleaded res judicata. In said pleading it alleged that the suit was filed *Page 339 
with the Clerk on November 17, 1939, but that the attorney of record for petitioners, viz., J.S. Pickett, instructed the Clerk of Court when the petition was filed not to issue citation on same until further ordered by him and pursuant to said instructions said petition remained on file in the Clerk's Office from November 17, 1939, until April 3, 1940, upon which date the said J.S. Pickett instructed the Clerk to issue citation thereon and place same in the hands of the Sheriff for service; that the Clerk immediately issued citation and the Sheriff made service upon defendant on April 4, 1940.
Defendant therefore contends that suit was not instituted in the sense of the judgment rendered in cause No. 13,457, nor within the meaning of the law until the Clerk was instructed to issue citation and place the citation and copy of petition in the hands of the Sheriff for service on April 3, 1940, which was long after the delay or default period fixed by the judgment rendered in suit No. 13,457. Therefore plaintiffs in the suit at bar are judicially estopped and barred from prosecuting the cause of action asserted in this suit or to lay any claim to the property above described.
In the alternative it alleged that the judgment in suit No. 13,457 is res judicata of the claim to ownership asserted by plaintiffs here due to failure to institute suit within the delay period fixed in said judgment.
On trial of the plea below the judgment in suit No. 13,457 was offered in evidence. Counsel for plaintiffs then made the following admissions and explanation of his acts:
"Counsel for plaintiff, Cora Canada et al, admits that this suit was filed on November 17, 1939; that at the time of filing the petition in this cause referred to, counsel for plaintiff instructed the Clerk of Court not to issue citation in the cause or serve the defendant, Frost Lumber Industries, Inc., until the Clerk of Court was given further instructions by counsel for plaintiff, Cora Canada et al; that in accordance with instructions by counsel for plaintiff, Cora Canada et al, the Clerk of Court did not issue citation or serve the defendant until April 3, 1940, on which said date, counsel for plaintiff, Cora Canada et al, instructed the Clerk of Court to issue citation in this cause and serve the defendant, Frost Lumber Industries, Inc; that the aforesaid citation was issued on April 4, 1940, and service thereof together with copy of petition, was made on defendant, Frost Lumber Industries, Inc., on the same date, as shown by citation and returns thereof.
"By Mr. Pickett:
"Counsel for plaintiff further states that the reason for not having citation issue immediately was to check the name of the registered agent for service of the defendant corporation, and for the further reason that about the time of the filing of the suit, counsel for plaintiffs had a conversation with Mr. H.G. Bice, who was an agent for the defendant corporation, and that he informed Mr. Bice of the filing of the suit and he stated that it would probably be sufficient to send a copy of the pleadings to the attorneys for the defendant corporation and that he intended to do so.
"An examination of my record fails to disclose that I sent the copy to counsel for defendant corporation and the matter escaped my attention until the question was raised again by Mr. Bice, who called my attention to the fact that no citation had been issued and no service had been rendered; and at that time I had citation issue."
Counsel for defendant objected to the explanation given by counsel for plaintiffs, which objection was sustained, whereupon counsel for plaintiffs was duly sworn and said the entire statement as copied above was true and correct. The lower court overruled the plea and defendant filed an answer setting forth many defenses unnecessary to reiterate here due to our conclusion that the pleas in bar and res judicata are both good.
The lower court tried the case on its merits and rejected plaintiffs' demands sustaining the plea of peremption of three and five years and plea of prescription of three and five years, and a plea of estoppel urged by defendant based on certain rent notes formerly executed by plaintiffs to defendant for rent of the property involved in this suit. Plaintiffs perfected an appeal to this court and defendant has answered the appeal praying that we sustain its plea in bar of plaintiffs' suit and its plea of judicial estoppel and res judicata filed in limine and overruled by the court below.
Appellants do not question the right of the court to fix the delay or default *Page 340 
time in which the judgment in the slander of title suit fixed, nor do they question the effect of such a decree. The authority for the right of the court to so act is found in the pronouncement of the Court in the case of Siegel v. Helis,186 La. 506, 172 So. 768; and the Court in that case held that failure of defendant to institute its suit within the delay or default period fixed by the Court forever barred it from setting up any claims, rights or privileges to, on or against the property involved in the jactitation or slander of title suit. It is not unusual that this rule is a creature of jurisprudence and not a statutory law since an action of slander of title is only a creature of jurisprudence itself. The delay fixed by the Court is clearly one of peremption and not of prescription. If the action is not instituted within the delay so fixed, the right of action is forever lost.
We have been cited to no decisions of a court of this State where the question involved here was presented for determination and we have not found such a decision, however, the Supreme Court of Georgia, as early as 1905, passed on a case where the identical question was presented in the case of Jordan v. Bosworth, 123 Ga. 879, 51 S.E. 755. The syllabus of that case correctly reflected the Court's ruling and is as follows:
"Handing to the Clerk a petition, with instructions to indorse upon it an entry of filing and to issue process, but `to hold it' until the plaintiff notifies him further, is not a filing of a suit or the commencement of an action, within the meaning of Civ. Code 1895, § 4973, until the instructions are withdrawn; and, if the bar of the statute of limitations attaches before the instructions are withdrawn, the suit is barred, notwithstanding service was regularly perfected after the withdrawal of the instructions."
The reasoning of the Court in arriving at its conclusion is, in our opinion, sound and can well be applied in determining under our jurisprudence when a suit is "instituted" or when it is filed within the intendment of Act No. 39 of 1932. We therefore quote fully from the opinion of the Georgia Court as follows:
"The Code provides that actions upon instruments under seal `shall be brought' within 20 years after the right of action accrues. Civ. Code, 1895, § 3765. There is no substantial difference between bringing a suit and commencing a suit; and the section may be read as if it had said suit shall be commenced within 20 years. Civ. Code 1895, § 4973, provides: `Upon every petition the clerk shall indorse the date of its filing in office, which shall be considered the time of the commencement of the suit.'
"Obviously the proper construction of this section is, not that the indorsement of the date of filing by the clerk, but the actual date of filing, is to be deemed the time of the commencement of the suit; and there is a very substantial difference between the two things. The clerk may write an entry of filing on a petition, and yet not actually file it in his office. The entry of the clerk is evidence of filing [of a petition], but not necessary or conclusive evidence of that fact.
"`A paper is said to be filed, when it is delivered to the proper officer, and by him received, to be kept on file.' Peterson v. Taylor, 15 Ga. 483, 60 Am.Dec. 705, quoting from 13 Vin.Abr. 211. See, also, Floyd v. Chess-Carley Co., 76 Ga. 752; Laslie v. Laslie, 94 Ga. 721, 19 S.E. 805; Adams v. Goodwin,99 Ga. 138, 25 S.E. 24.
"Nor will notice to the opposing party that a particular pleading will be relied on at the trial dispense with an actual filing of the paper in the clerk's office. * * * Even the actual filing of the petition will not be regarded as the commencement of the suit, unless followed up by proper service. McClendon [
Co.] v. [Hernando] Phosphate Co., 100 Ga. 219, 28 S.E. 152; Florida Central [ P.] R. Co. v. Ragan, 104 Ga. [353], 356, 30 S.E. 745; Nicholas v. [British America] Assurance Co.,109 Ga. 621, 34 S.E. 1004.
"`If there is no service, the plaintiff cannot remain inactive, and, after having been guilty of laches, ultimately move in the cause, and then claim that a suit allowed to remain passive is to be treated as having been commenced as of the time of the filing of the petition.' Cox v. Strickland, 120 Ga. 104, 114, 47 S.E. 912, [1 Ann.Cas. 870]. In the present case, however, process was issued and service was perfected; and the question for determination is, on what date was the petition filed in the clerk's office?
"The law contemplates that when a pleading is filed in the clerk's office, it becomes an office paper of the court in which it is filed, and the party filing it loses control over it in so far as the regular procedure usually pursued in such a case is *Page 341 
concerned. A paper filed in the clerk's office must be allowed to follow, without interference from the parties, the usual course of legal procedure, and a party who interferes does so at his peril. If he prevents that being done which is usual and proper, he cannot thereafter claim a benefit which would only accrue if regularity had been observed. A plaintiff cannot hand a petition to the clerk, with instructions to make an entry of filing on it, and then withhold it from service until further instructions, and afterwards contend that the petition was actually filed when the entry of filing was made. By such conduct he ties the hands of the clerk, makes him merely his agent, deprives him of all official relation to him and the transaction, and official relations do not arise until he removes the bonds. A petition, to be filed, must be lodged with the clerk, with the understanding that the usual procedure is to be followed; that is, process issued and service perfected. The defendant has no legal notice of the suit until served with a copy of the petition and process, and, to make such notice relate back to the time of the commencement of the action, the plaintiff must really commence his action, without any reservation as to the time when service shall be perfected. The filing of the petition must be unequivocal and bona fide, and it must not be lodged with the clerk, to be held by him until the plaintiff determines whether he really intends to sue or not. A suit, with the right reserved in the plaintiff to say whether it shall really become a suit, is a legal paradox, and one for which we are satisfied there is no authority of law.
"In Maddox v. Humphries, 30 Tex. 494, it was held: `Where the plaintiff filed a petition with the clerk and indorsed it, "The clerk will not issue upon this until further instructions by me," the suit was not properly commenced until the order was given for the citation; and such a deposit or filing with the clerk did not arrest the running of the statute of limitations.' See also Seaver v. Lincoln, 21 Pick. [Mass.] 267; Ross v. Luther, 4 Cow. [N.Y.] 158, 15 Am.Dec. 341; Bates v. Smith [80 Tex. 242],16 S.W. 47; 1 Cyc. 748.
"While the cases above cited were dealing with the statutes not in all respects like ours, and hence are not exactly in point, still they are nevertheless authority for what is a filing, and so are in principle in point. There was no error in any of the rulings complained of."
Counsel for defendant contend that the Court made law which requires a delay or default period to be fixed by the Court in which the defendant in a jactitation or slander of title must file his suit in revendication; that a delay thus fixed is peremption and not one of prescription. We are of the opinion this contention is correct. Guillory v. Avoyelles Ry. Co.,104 La. 11, 28 So. 899.
Counsel further contend that Act No. 39 of 1932 deals only with prescription by its plain language and can have no effect on peremption, and under Article 359 of the Code of Practice, a suit is not begun until citation and service are had. See, also, Adler, Goldman Siegel v. G. Wolff et al., 36 La.Ann. 169; Soule v. West, 180 La. 1092, 158 So. 567, 569; Commercial Nat. Bank v. Henderson, La.App., 173 So. 790; 38 Corpus Juris, p. 27, Sec. 5, Par. B-8. Therefore plaintiffs herein must have had citation and service on defendant within the delay period fixed by the Court or be forever barred from prosecuting his alleged cause of action.
There is much merit in this last contention, but we prefer not to delve into it at this time. It appears also to be a res nova question in our jurisprudence and a decision of the question at hand does not necessitate our determining that question. We are convinced that plaintiffs did not institute their suit within the delay period fixed by the Court in the slander of title suit, bearing No. 13,457 on the docket of the Eleventh Judicial District Court of Louisiana and that they are forever barred from claiming title to the NE 1/4 of NW 1/4, Section 31, Township 9 North, Range 13 West, Sabine Parish, Louisiana; that the lower court was in error in overruling the plea in bar of plaintiff's suit.
It therefore follows that the judgment of the lower court in overruling said plea is now reversed; the plea is sustained forever barring plaintiffs from ever claiming title to the NE 1/4 of NW 1/4, Section 31, Township 9 North, Range 13 West, Sabine Parish, Louisiana, and plaintiffs' suit is dismissed at their costs, in both courts.
TALIAFERRO and HAMITER, JJ., concur. *Page 342