FOURNET, Chief Justice.
The plaintiff’s suit against Coleman E. Adler & Sons, Inc., and others, for damages totaling $48,155 for false arrest and imprisonment, malicious prosecution, damage to reputation, loss of earnings, etc., was dismissed upon a plea of prescription of one year filed by the defendant Coleman E. Adler & Sons, Inc., and he prosecutes this-appeal.[1]
 The action, being one sounding in tort, is subject to the prescription of one year from the day the damage was sustained. LSA-Civil Code, Arts. 3536, 3537. The running of such prescription, however, is interrupted by “the filing of a suit in a court of competent jurisdiction * * *.” Act No. 39 of 1932, Sec. 1; LSA-R.S. 9:5801; Jackson v. American Employers’ Ins. Co., 202 La. 23, 11 So.2d 225.
In the case at bar the plaintiff filed his. suit on May 21, 1948, the last day before his claim would have prescribed. The petition was filed in the office of the Clerk of the Civil District Court by his attorney, *355 who at the time paid a $5 filing fee and $12.50 stenographer’s fee, saying “I want to get this in to stop prescription,” and advised that he would later furnish copies of the petition for service, with the addresses of certain defendants. On June 22, 1948, as reflected by the Docket, two copies of the petition were presented for certification and the sum of $7 was paid for issuance and service of citation and copies of the petition on the defendants.Coleman E. Adler & Sons, Inc., and Ray Haydell, General Manager of .that company. (On plaintiff’s motion the suit was later dismissed as to the remaining defendants.)
Counsel for the defendant-appellee Adler & Sons, relying on the cases of Taglialavore v. Ellerbe, La.App., 149 So. 296, and Jackson v. American Employers’ Ins. Co., La. App., 4 So.2d 794, contends that the purpose of Act No. 39 of 1932 was merely to relieve the plaintiff of responsibility for delays or negligence on the part of court officials; and relying on Canada v. Frost Lbr. Industries, Inc., La.App., 9 So.2d 338, plus numerous cases from other jurisdictions, contends that since the plaintiff upon filing of the petition instructed the clerk to withhold citation and service of process, he did not file a suit within the meaning and intendment of Act No. 39 of 1932.
An examination of the cases relied on in support of defendant’s first proposition reveals that, while they contain language sustaining his contention, they were decided on issues not presented in the case now under consideration. The decision of the Orleans Court of Appeal in the Jackson case, supra [4 So.2d 795] was based squarely on the court’s ruling that a suit for personal injuries filed in the courts of this state more than two years after the accident was not saved, upon a plea of prescription, by the fact that suit had been filed before prescription had run, against the wrong defendant in the Federal court; hence the Court’s observation that “The Act of 1932 has no application.” The following quotation of obiter dictum found in the opinion of the Court of Appeal for the Second Circuit in the Taglialavore case, supra (holding the Act constitutional, and remedial in nature), to the effect that [149 So. 297] “It [the Act] merely relieves the party who has a cause of action from responsibility for the delay or negligence of the officers of the court in making service promptly,” was not necessary to either decision. Moreover, this Court, in reversing the Jackson case on certiorari, very aptly pointed out that prior to the adoption of Act No. 39 of 1932, under Articles 3518 and 3551 of the LSA-Civil Code “the filing of a suit against the debtor did not interrupt the period of prescription; for it required service of a citation addressed to the debtor to interrupt the period of prescription. But, now, under the provisions of Act 39 of 1932, the mere filing of a suit against the debtor interrupts the period of prescription.” *357 (Emphasis supplied.) Jackson v. American Employers Ins. Co., 202 La. at pages 31-32, 11 So.2d 227.
A study and analysis of the Canada case, supra [9 So.2d 341], relied on in support of the second proposition, clearly shows it is inapposite both from a factual and a legal standpoint. In that case, the court had for consideration the question of whether the unsuccessful defendants in a slander of title suit had complied with a judgment of court ordering them to institute suit against the plaintiffs, in revendicati®n of their rights to the property involved, within sixty days after judgment became final or be forever barred from laying claim to the property, in view of the fact that although defendants’ petitory action had been instituted within the sixty-day period, citation had not issued nor service been made until some 6% months after date of judgment. The Second Circuit Court of Appeal, while recognizing that the delay fixed by the judgment was one of peremption and not of prescription, did not pass on the contention that “Act No. 39 of 1932 deals only with prescription by its plain language and can have no effect on peremption,” preferring to base its decision on a Georgia case, with approval of the reasoning found therein.[2]
As to cases from other jurisdictions, these are never controlling; and while they may be persuasive in the absence of decisions from our own courts, where we find, as we do here, that the opinions relied on by the defendant are based on the peculiar wording of various statutes of limitation, none of which contains the unqualified statement that prescription is interrupted by the mere filing of suit, a discussion of the cited cases would serve no useful purpose. In the face of the clear and unambiguous language of Act No. 39 of 1932 we are not authorized to say that more is required to interrupt prescription than the filing of suit in a court of competent jurisdiction, when there is nothing in the language of the Act to indicate that such was the intention of the Legislature — particularly where, as in this case, issuance of citation and service of process was temporarily withheld to ascertain the addresses of some of the defendants.
For the reasons assigned, the judgment of the lower court is reversed, the plea of prescription is overruled, and the case is remanded for further proceedings; costs of this appeal to be paid by the defendantappellee; all other costs to await the final judgment of the court.
HAWTHORNE, J., takes no part.

. The appeal was taken to the Court of Appeal, Parish of Orleans, which transferred the case to this Court for lack of jurisdiction. See 65 So.2d 136.

. It is noted that the opinion was signed only by the author, with Judges Hamiter and Taliaferro concurring.