HARDY, Judge.
Plaintiff brought this suit for the recovery of damages in the nature of personal in *153 juries allegedly resulting from negligence chargeable to defendant’s insured, the Bossier Parish Police Jury. After trial there was judgment in favor of defendant, from which plaintiff has appealed. Defendant has answered the appeal praying that this court sustain its plea of prescription which, after trial thereon, was overruled by the lower court, prior to trial on the merits.
Plaintiff, an elderly white man 77 years of age, on May 10, 1951, called at the Bossier Parish branch office of the Welfare Department of the State of Louisiana for the purpose of being interviewed with reference to his application to be restored to the relief or old age pension rolls. While waiting his turn plaintiff seated himself on the end of a bench in the waiting room of the Welfare office, which was already occupied by another applicant, who was seated toward the opposite end. The latter party, when called into an inner office for his interview, rose from the bench, whereupon the center of gravity shifted, causing the bench to upset, precipitating plaintiff to the concrete floor, where he was caught beneath the overturned bench and allegedly sustained the injuries which are made the basis of his claim in this suit.
The bench itself was of that type familiar to an older generation and customarily associated with the courtroom and railway depot waiting room furnishings of a by-gone era. The article of furniture was constructed of a wooden back and seat, supported by a cast iron frame with a kind of clawlike feet, intended to be bolted or otherwise affixed to the floor. The bench in this case was not fixed to the floor and obviously the overturning was caused by the shifting of balance toward the extreme end of, the bench where plaintiff had carelessly or thoughtlessly seated himself.
Plaintiff asserts his right to recover on the ground that the bench was supplied by the Bossier Parish Police Jury which, as a result, is liable by reason of the defective condition of the bench which made it unsafe for occupancy and because of the further negligence and failure of the owners of the building to cause the same to be properly and securely fastened to the floor.
The office in which the accident occurred is located in what is known as the Courthouse Annex, which is situated across the street from the main Courthouse building of Bossier Parish in the town of Benton. The annex building, like the courthouse, was constructed and is maintained by the Parish Police Jury. ■
In the instant case plaintiff has entirely failed to establish any obligation on the part of the Police Jury with reference to the article of furniture or the, maintenance thereof from which liability might possibly result. The record clearly establishes the fact that the only obligation as between the Bossier Parish Police Jury and the Office of the Welfare Department was to furnish space for the accommodation of such office, and the evidence conclusively negates any obligation on the part of the Police Jury to provide furnishings for the said office. On the contrary, it is established that articles of furniture in the Welfare Office are the property of the Department of Welfare with the exception of the bench itself, which was the deus ex machina of the instant case. As best the history of this somewhat ancient piece of furniture can be traced it was of a type, if not actually one of similar benches which were many years ago used in the district courtroom of the courthouse and was, of course, originally the property of the Police Jury. However, the bench in question had been in the possession and use of the Welfare Department since 1934, long before the construction of the annex building and the consequent removal of the welfare office from the.courthouse to the annex.
Plaintiff has failed to establish even the slightest degree of responsibility on the part of the defendant’s assured which would impose liability.
Counsel for plaintiff succinctly set forth the basis upon which they rest plaintiff’s claims for recovery in the following words:
*154 “The evidence shows that this office building in which the accident happened, is owned by the Police Jury of Bossier Parish, Louisiana, and that they provided an office in said building for the Welfare Department together with certain furniture and especially the bench on which the accident occurred, therefore, in our opinion they were tenants of the Police Jury and that the Insurance Company who insured the Police Jury is liable in this matter.”
While it is clear that the courthouse annex office building in which the accident happened is owned by the Police Jury of Bossier Parish, which did provide an office therein for the use of the Welfare Department, counsel are in grievous error in the statement that the Police Jury also provided certain furniture and “especially the bench on which the accident occurred.” As we have above pointed out, quite the contrary is established by the evidence in the record.
In support of their contention counsel have cited numerous cases in brief, all of which deal with the liabilities to third persons arising from the relationship between landlord and tenant. Examination of the cited cases discloses that they all involve questions of liability arising from vices or defects’ in a building either in the original construction or failure’to maintain and repair the same. It is obvious that these authorities have no béaring upon the question at issue. Assuming, without conceding in the i'nstant cáse, that' the relationship between the Bossier ■ Parish Police Jury and the office of the Welfare Department of the State of Louisiana partakes of the nature of the relationship between landlord and tenant, there is no question here involved as to injury caused by any vice or defect in the building itself. "
Apparently counsel attempt to argue by a ' sort of deductive analogy that the owner of a building is liable for injury caused by defects in the furnishings thereof. If this be their point, it is entirely without merit and jur examination of the law and the authorities discloses no foundation for such a. contention.
Plaintiff has failed to show any character or nature of negligence ©n the part of defendant’s assured, by even the most remote connection, and we think there can be no-question as to the correctness of the judgment.
Though we deem it unnecessary we further observe that the facts in the instant case have not established any vice or-defect in the article of furniture involved. The mere failure to secure the bench to the floor is not, in itself, an evidence of negligence. As a matter of fact, we, think it is-clear that plaintiff himself was guilty of gross carelessness which was the effective-cause of the accident.
Nor do we think plaintiff has borne the burden of proof of establishing injuries, attributable to the accident, for, in our opinion, the record satisfactorily establishes the-existence of physical defects, prior to the occurrence of the accident, attributable, as-we believe, to the bodily infirmities and deterioration of old age.
 In deference to the zealous urgency of defendant’s' counsel as evidenced by the answer to appeal and the argument before this' court, we-briefly consider the plea of prescription which was interposed on behalf of defendant.
The accident occurred on May 10, 1951 and plaintiff’s suit was filed on May 10,1952,’ the exact anniversary date of the accident. Counsel contend that upon filing of the pe- • tition the deputy clerk of court for Bossier Parish, who was charged with the issuance of citation, was instructed by a member of' counsel for plaintiff to withhold issuance of citation until further instructions. Citation actually issued some ten days following the filing of the suit. Plaintiff’s counsel zealously contends that the instant case falls' under the ruling applied in Canada v. Frost Lumber Industries, Inc., La.App., 9 So.2d 338.
*155 . Without the necessity, for a detailed dip- • cussion, an examination of, the record'is ■convincing on the point that plaintiff failed to establish the factual ground relied upon, by a preponderance' o-f- the .evidence, and.it therefore follows that the plea-was properly .■overruled. . . " ;
For the reasons assigned the judgment appealed from is affirmed .at- appellant’s -cost. ■ • .