### 44203. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. TRIBBLE.

PANNELL, Judge. 1. "The mere writing of a letter to the Industrial Board by a claimant, setting forth his employment, the name of his employer, and the cause of his injuries, may amount to a filing of his claim. *Lumbermen's Mutual Cas. Co. v. Layfield*, 61 Ga. App. 1 (5 SE2d 610). Under the above-stated ruling and the facts of the instant case, we are of the opinion that the claim was filed within twelve months from the date of the accident. It does not appear from the record that the claimants or their attorney, *when the claim was filed with the Industrial Board*, did or said anything that amounted to 'an interference with the usual course of legal procedure.' It follows that the decisions in *Jordan v. Bosworth*, 123 Ga. 879 (51 SE 755) and *Foster v. First National Bank*, 56 Ga. App. 880 (194 SE 225), are not here applicable." *Bituminous Cas. Corp. v. Mallory*, 63 Ga. App. 714, 715 (12 SE2d 112). (Emphasis supplied.) The fact that the letter in the present case requested that no hearing be had until specifically requested by the claimant does not prevent the letter from being a proper claim. *Complete Auto Transit v. Reavis*, 105 Ga. App. 364 (2) (124 SE2d 491). While *Code* § 114-304 provides that the written notice of claim shall state the "place" where the accident occurred, it also provides that "no defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby, and then only to the extent of the prejudice." The employer failed to show that it had been prejudiced. The case of *Foster v. First Nat. Bank*, 56 Ga. App. 880 (194 SE 225), as was said in *Complete Auto Transit v. Reavis*, 105 Ga. App. 364 (2), supra, "is not binding on this court since it was a case decided by two judges only."

2. The only difference between the present case and the case of *Lumbermen's Mut. Cas. Co. v. Layfield*, 61 Ga. App. 1 (1) (5 SE2d 610) cited in *Bituminous Cas. Corp. v. Mallory*, 63 Ga. App. 714, supra, is that in the present case the location of the county in this State in which the injury occurred was not given, and after an immediate response from the board requesting this information, it was a year and a half before the information was given, at which time the claimant requested a hearing and the employer was notified. The con-

tention of the employer that this delay in giving the place of the accident was equivalent to a request that the employer not be notified of the hearing is without merit. There is no requirement that the employer be notified of the filing of the claim but there is a requirement that the employer be notified of the hearing (*Code Ann.* § 114-706), which was done here. Cases in ordinary lawsuits where a request is made to the clerk of the court that process issue but that service be withheld until further notice, such as *Jordan v. Bosworth*, 123 Ga. 879 (51 SE 755) are therefore not applicable to the facts here, even if applicable to the case at all.

3. The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation holding that a sufficient claim was filed within the time required by law.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1969—DECIDED JANUARY 16, 1969— REHEARING DENIED JANUARY 31, 1969—

*Richard W. Best,* for appellants.
*Burdine & Freeman, Essley B. Burdine,* for appellee.