BOUTALL, Judge.
Plaintiff’s suit was dismissed by the trial court on a judgment maintaining the peremptory exception of prescription. From this adverse judgment, plaintiff has perfected this appeal.
On September 23, 1965, plaintiff, Joyce V. Miller, filed suit in tort against New Orleans Public Service, Inc., for injuries she sustained on September 23, 1964, while aboard a bus operated by the defendant’s agent, a bus driver. It was alleged that the driver’s improper operation of the vehicle was the cause of plaintiff’s injuries. Defendant is a domestic corporation organized and licensed to do business under the laws of the State of Louisiana with domicile in Orleans Parish.
At the time the petition was filed, plaintiff’s counsel requested the civil sheriff’s office not to serve defendant until so instructed. Accordingly, defendant received no notice of the filing of this law suit until defendant received a letter from plaintiff’s counsel dated November 30, 1966, informing defendant that a petition had been filed but that service was not to be effected in anticipation of perhaps reaching an amicable settlement in this personal injury claim. There being no settlement, over a period of almost three years, plaintiff’s counsel requested service be made on defendant; which citation was served on July 21, 1969.
In response to this law suit, defendant filed a peremptory exception on August 19, 1969, alleging that prescription had run because service had not been made on the defendant within (1) year from the date of the accident; that plaintiff’s suit should be treated as having never been filed until such time as the plaintiff evidenced an intent to proceed in the normal course of citation and service; and that because of the lack of service until July 21, 1969, almost 5 years from the date of the accident, defendant was prejudiced. Trial on the exception was had on July 3, 1970, at which time the lower court maintained defendant’s exception and dismissed plaintiff’s law suit.
An examination of the trial court record reveals that plaintiff’s petition was *109 filed on September 23, 1965, the last day allowed by law to file a suit arising out of damages resulting from offenses or quasi offenses. LSA-C.C. arts. 3536, 3537. Article 5059 of the Louisiana Code of Civil Procedure states that in computing a period of time allowed or prescribed by law, the date of the act after which the period begins to run is not to be included and the last day of the period is to be included. Therefore, plaintiff’s law suit was timely filed within the period prescribed by law for a tort action.
The sole issue before this court is whether the mere filing of a law suit in a court of competent jurisdiction and proper venue interrupts prescription.
It is the contention of the defendant that not only is timely filing required but citation and service are also essential to maintain a law suit within the procedural aspects of the law. Defendant, as authority for this position, cites LSA-C.C.P. art. 1201 and Canada v. Frost Lumber Industries, Inc., 9 So.2d 338 (La.App.2nd Cir., 1942).
LSA-C.C.P. art. 1201 states that citation and service thereof are essential in all civil actions and without them all proceedings are absolutely null. There can be no proceeding to judgment without these essentials to due process in a civil action; otherwise, defendant would be deprived of his opportunity to defend himself. However, this has no bearing on the interruption of prescription in the instant case.
The situation in the instant case is covered by LSA-R.S. 9:5801, which states:
“§ 5801 Interruption of prescription by filing of suit, service of process
All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in a improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1.”
There is no dispute here as to competent jurisdiction and proper venue so we must determine what is meant by “the commencement of a civil action”. The statute itself indicates that it is something different from service of process because, by its terms, that requirement is for courts lacking venue or jurisdiction. Similarly Article 3518 of the Louisiana Civil Code makes citation the requirement for interruption of prescription in actions ex delicto in United States Courts as well as in cases of acquisitive prescription in our state courts.
However, the definition of “the commencement of a civil action” is not open to speculation. It is clearly defined in LSA-C.C.P. art. 421:
“Art. 421 Civil action; commencement; amicable demand unnecessary
A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law.”
Quite plainly, the mere filing of the petition is sufficient to interrupt prescription in this case.
Defendant, nevertheless, insists that our courts have not so held previously. He cites to us as his basis the following language from the Canada case:
“ ‘Handing to the Clerk a petition, with instructions to endorse upon it an entry of filing and to issue process, but to hold it until the plaintiff notifies him further, is not the filing of a suit or the commencement of an action * * *’” 9 So.2d at 340.
*110 Although the issue before us was argued to the court in the Canada case, that court stated that the question before it did not necessitate a determination of that issue. Instead it held that the period of time for institution of suit posed for its consideration was one of peremption and not of prescription, and that Act No. 39 of 1932 (later LSA-R.S. 9:5801) did not apply since it was concerned with prescription only.
A succinct analysis of that case was made by the Supreme Court in Schrader v. Coleman E. Adler & Sons, 225 La. 352, 72 So.2d 872, 874 (1954) as follows:
“A study and analysis of the Canada Case * * * clearly shows it is in-apposite both from a factual and legal standpoint. In that case, the court had for consideration the question of whether the unsuccessful defendants in a slander of title suit had complied with a judgment of court ordering them to institute suit against the plaintiffs, in revendication of their rights to the property involved, within sixty days after judgment became final or be forever barred from laying claim to the property, in view of the fact that although defendants’ peti-tory actioh had been instituted within the sixty-day period, citation had not issued nor service been made until some months after date of judgment. The Second Circuit Court of Appeal, while recognizing that the delay fixed by the judgment was one of peremption and not of prescription, did not pass on the contention that ‘Act No. 39 of 1932 deals only with prescription by its plain language and can have no effect on per-emption,’ preferring to base its decision on a Georgia Case, with approval of the reasoning found therein.” (Emphasis added).
The court in Schrader had before it a situation quite similar to the instant case with the identical issue. In Schrader, the plaintiff filed a tort suit on the last day before his claim would have prescribed. At the time of filing, plaintiff’s attorney advised the clerk of court that he wanted to get his petition in to stop prescription and that he would later furnish copies for service. He did this about a month later and service of process was then made.
The court in Schrader quite bluntly held that since the passage of Act No. 39 of 1932 nothing more than the filing of suit in the proper court is required to interrupt prescription, relying on the plain language of that act and the prior holding in Jackson v. American Employers’ Ins. Co., 202 La. 23, 11 So.2d 225 (1942).
Since the time of the Schrader case, Act No. 39 of 1932 (R.S. 9:5801) has been amended. It originally provided:
“The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon against all defendants, including minors and interdicts.”
By Act No. 31 § 1 of 1960 it was amended to its present form, LSA-R.S. 9:5801, quoted above. Among other things it changed the wording from interruption by “the filing of a suit” to interruption by “the commencement of a civil action”. The definition of LSA-C.C.P. art. 421 shows this to mean exactly the same thing. Any doubt as to this was removed by the elimination of article 359 of the Code of Practice in effect at the time of the Canada case, supra, and which seemed to cause that court some concern.
The principles announced in the case of Schrader v. Coleman E. Adler & Sons, supra, have been consistently followed in our jurisprudence without question. Saxon v. Fireman’s Insurance Co. of Newark, N. J., 224 So.2d 560 (La.App.3rd Cir., 1969); Lipps v. Zor, Incorporated, 170 So.2d 915 (La.App.4th Cir., 1965).
We are of the opinion that the clear language of LSA-C.C.P. art. 421 requires only the filing of the suit in a court of proper jurisdiction and venue, and the judgment maintaining the peremptory ex *111 ception of prescription is in error and should be reversed. Accordingly, it is decreed that the judgment of the lower court is reversed and annulled; that the peremptory exception of prescription is dismissed; and that the case is remanded for further proceedings. The costs of this appeal are assessed against the defendant-appellee.
Reversed and remanded.