LEMMON, Justice
(dissenting) :
Prescription is interrupted by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. R.S. 9:5801. A civil action is commenced by the filing of a pleading presenting the demand. C.C.P. art. 421. Therefore, nothing more than the filing of a petition in the proper court is necessary to interrupt prescription as to all defendants named in the petition. Schrader v. Coleman E. Adler & Sons, 225 La. 352, 72 So.2d 872 (1954).
In the present case the sole issue is whether Ford Motor Company was effectively named as a defendant in the original petition. If not, any claim against that company has prescribed. To determine that issue, a court should not ordinarily consider any events (such as service of citation) which occurred after the filing of the original petition, since issues relative to the interruption of prescription by the filing of a petition must be determined as of the time of filing. Levy v. Stelly, 277 So.2d 194 (La.App. 4th Cir. 1973), cert. denied, La., 279 So.2d 203 (1973).
Plaintiffs timely-filed original petition named “Mercury-Ford-Comet Company of Lorain, Michigan” as the defendant in an action to recover damages against the manufacturer of a “certain Comet Mercury automobile, ‘Caliente model’.” Allegedly, when plaintiffs purchased the Comet locally, the sales slip indicated the named defendant had manufactured the automobile. Plaintiffs allegedly sustained damages when the automobile “came apart” during operation.
*317 An affidavit by a staff attorney for Ford Motor Company, attached to the motion to quash the service, attested to the fact that at the pertinent time Ford Motor Company manufactured the Comet-Mercury line of automobiles and operated an assembly plant at Lorain, Ohio. However, according to the affidavit, Ford Motor Company had no facility at Lorain, Michigan and had no affiliated corporation known as Comet-Mercury-Ford of Lorain, Michigan.
The majority relies on Jacobs v. Harmon, supra, which in my opinion was wrongly decided. The Jacobs decision recognized that prescription against the proper defendant could be interrupted by a timely petition in which that defendant was improperly named. However, this court held that under such circumstances, the petition must be filed and the citation and service must also be effected within the prescriptive period. The court reasoned that only when notice was actually conveyed to the proper party in some capacity was prescription interrupted, pointing out that mere filing of the suit conveyed no notice to anyone.
R.S. 9:5801 only requires the timely filing of a suit in a court of competent jurisdiction and venue in order to preserve a plaintiff’s cause of action. The statute does not presently require that citation be made or even attempted within a certain period in order to protect plaintiff’s claim.
Thus, if the present claim had been filed against Ford Motor Company, but the petition never served, the cause of action would still be preserved.[1] In that hypothetical situation, perhaps justice would require discretionary protective action by the trial court if the defendant shows prejudice because of intentionally delayed notice, but the claim itself would not necessarily be barred.
In my opinion the test as to whether the filing of a petition naming an improper defendant interrupts prescription as to the proper defendant (in the absence of considerations of solidary liability, fraud, or misrepresentation) is whether the proper defendant, upon reading the petition, would be reasonably informed that the suit asserts a claim against him.
If “Ford Motor Corporation” or “Comet Motor Company” or “Ford Automobile Company” had been named, the exact same issue would be before the court, namely, did such a designation effectively serve to name Ford Motor Company as a defendant. The question is therefore one of degree — how close is the improper name to the proper name? In resolving questions of degree, the usual test is reasonableness.
When Ford Motor Company finally received a copy of the original petition in the present case, that company immediately determined that plaintiffs had attempted to assert a claim against Ford Motor Company. I therefore believe that since the petition, when eventually served, reasonably informed Ford Motor Company of a claim against it, the filing of the petition interrupted prescription as to Ford Motor Company under present statutory requirements.

. See, for example, Miller v. New Orleans Public Service, Inc., 250 So.2d 108 (La.App. 4th Cir. 1971).