GARRISON, Judge.
This is an appeal from a judgment of the district court dated October 24, 1983 granting the Exception of Prescription raised by defendant American Motors Corporation and dismissing plaintiffs suit. From that judgment, plaintiff appeals.
On September 20,1977 plaintiff Elaine R. Brinkman filed suit in the 24th Judicial District Court, Parish of Jefferson, against American Motors Corp. (A.M.C.) and Stephen’s A.M.C. — Jeep, Inc. (Stephen’s), a Jefferson Parish corporation, for injuries sustained by her on September 20, 1976 when the power brakes on her 1976 Pacer failed, causing her to run an intersection and strike a traffic sign and post. Plaintiff alleged that she had purchased the Pacer from Stephen’s in September, 1976.
The operative dates are as follows:
9/20/76 — Accident.
9/20/77 — Suit filed in 24th Judicial District Court against A.M.C. and Stephens.
9/23/77 — Service on Stephen’s.
9/27/77 — Service on A.M.C. through Secretary of State.
10/20/77 — Stephen’s moves for summary judgment on the grounds that they did not sell plaintiff the car. (Supporting affidavit attached.)
11/9/77 — Stephen’s Motion for Summary Judgment granted. (This judgment was not appealed.)
11/14/77 — A.M.C. moves to have the case transferred to Orleans Parish on grounds of improper venue.
12/20/77 — Motion to Transfer granted.
7/27/78 — Case lodged in Civil District Court in Orleans Parish.
(1978-1983) — Other exceptions not at issue.
6/16/83 — A.M.C. files an Exception of Prescription on the grounds that plaintiff failed to bring suit against the defendant within one year.
10/24/83 — Exception of Prescription granted.
Civil Code Article 3462 provides as follows:
“Prescription is interrupted when the owner commences action against the pos *673 sessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.”
The new C.C. Art. 3462 cited above was enacted by Act 187, Acts of 1982 with an effective date of January 1, 1983. The source provision of C.C. Art. 3462 is the former R.S. 9:5801 which provided as follows:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
Under the prior statute, the general rule was the mere filing of suit in a court of competent jurisdiction and proper venue interrupted prescription as to all defend’ ants. Thus plaintiff could file suit timely in a court of competent jurisdiction and proper venue, even requesting that service of process be held, and prescription would be interrupted prior to service on the defendants. See: Miller v. NOPSI, 250 So.2d 108 (La.App. 4th, 1971). A corollary of the general rule was that where suit was filed in a court lacking either competent jurisdiction or proper venue, the mere filing of suit did not interrupt prescription, but rather actual service of process interrupted prescription. Miller, above. It appears that the new C.C.Art. 3462 merely codifies the prior existing statutory and jurisprudential rules.[1]
In the instant case, suit was filed against A.M.C. in a court of improper venue. Accordingly, prescription could not have been interrupted until A.M.C. was served. A.M.C. was not served until September 27, 1977 — seven days after the one year prescriptive period. Accordingly, prescription was never interrupted and the suit against A.M.C. had prescribed. Thus the trial judge properly granted A.M.C.’s exception of prescription.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. Distinctions between C.C. Art. 3462 and R.S. 9:5801 and its jurisprudence on the issues of multiple defendants and definitions of causes of action are specifically not addressed as those issues are extraneous to the instant appeal.